LANCE, Judge,
concurring in the result:
I concur in the result reached by the Court, but write separately simply to state that my colleague, in his concurring statement, assumes that the Board is vested with the authority to specify the appropriate medical expert to answer the medical question(s) forming the basis of the § 20.901(a) request. As a corollary, he necessarily assumes that the Board is competent to make that determination. I do not believe that the authorities presented to the Court at this juncture provide definitive support for either proposition. Compare 38 C.F.R. § 20.901(a) (providing that the Board, in its discretion, may obtain a medical opinion from “an appropriate health care profession in the Veterans Health Administration [ (VHA)] or the Department of Veterans Affairs”), with Medical Review Assistance to Board of Veterans Appeals Cases, VHA Directive 2000-049 1-2 (Dec. 13, 2000)[4] (“[The Board] will select VA medical centers with the appropriate medical expertise indicated in the listing [provided by VHA]. Each [Board] request will clearly and concisely state the medical questions(s) for which a medical advisory opinion is being sought.” (emphasis added)), and Board of Veterans’ Appeals: Rules of Practice-Medical Opinions from the Veterans Health Administration, 69 Fed.Reg. 19,935, 19,936 (Apr. 15, 2004) (codified at 38 C.F.R. § 20.901(a)) (“[T]he ultimate selection of the physician asked to render the opinion is left to the Office of the Chief of Staff of that facility. In other words, the selection of the physician is a process that is in fact overseen by VHA management.”), and 38 U.S.C. § 7109(b) (providing that, in the case of an independent medical opinion, “the actual *111 selection of the expert or experts to give the advisory medical opinion in an individual case shall be made by an appropriate official of such institution”); see also Stefl v. Nicholson, 21 Vet.App. 120, 124 (2007) (holding that the Board must consider whether a medical opinion contains “such sufficient information that it does not require the Board to exercise independent medical judgment”); McLendon v. Nicholson, 20 Vet.App. 79, 85 (2006) (noting that “the degree of ... injury and whether any disabilities resulted therefrom are medical assessments that the Board is not competent to render in the first instance”); Colvin v. Derwinski, 1 Vet.App. 171, 175 (1991) (holding that the Board may only consider independent medical evidence and may not substitute its own medical opinion). However, as Mrs. D’Aries has failed to persuasively argue that the medical opinion the Board received was inadequate or that the Board did not provide an adequate statement of reasons or bases supporting its decision to ultimately rely on that opinion, we need not address these issues at this time.
HAGEL, Judge, and LANCE, Judge, filed concurring opinions.

. VHA Directive 2000-049 has been superseded by directive 2006-019, which remains substantively the same. See Medical Review Assistance to Board of Veterans Appeals Cases, VHA Directive 2006-019 (Apr. 3, 2006).