NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**BILLY G. MCMILLAN,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2011-7036

---

Appeal from the United States Court of Appeals for Veterans Claims in Case No. 09-1670, Judge Lawrence B. Hagel.

---

Decided: July 27, 2011

---

DARLA J. LILLEY, Lilley Law Firm P.L.L.C., of Daingerfield, Texas, for claimant-appellant.

ANUJ VOHRA, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE

E. DAVIDSON, Director, and BRIAN M. SIMKIN, Assistant Director. Of counsel on the brief were DAVID J. BARRANS, Deputy Assistant General Counsel and DANA RAFFAELLI, Attorney, of United States Department of Veteran Affairs, of Washington, DC.

_____

Before NEWMAN, SCHALL, AND MOORE, *Circuit Judges*.

NEWMAN, *Circuit Judge*.

Billy G. McMillan appeals the decision of the United States Court of Appeals for Veterans Claims ("the Veterans Court") which affirmed the Board of Veterans' Appeals decision that denied his entitlement to a disability rating in excess of 20% for diabetes mellitus, type II.[1] We have reviewed the issues, and conclude that the appeal is based solely on factual determinations, and thus is not within this court's jurisdiction. The appeal is dismissed.

DISCUSSION

Mr. McMillan served on active duty in the U.S. Army from March 1958 to March 1960 and from April 1960 to August 1965, including service in Viet Nam. In February 2002 Mr. McMillan filed a claim for VA benefits for diabetes mellitus. Upon medical examination, the regional office assigned a 20% disability rating. Mr. McMillan appealed to the Board, contending that his situation warranted a higher disability rating for the condition, including head injuries and rib injuries due to falls upon loss of consciousness attributed to the diabetes. 2010 U.S. App. Vet. Claims LEXIS 1862, at *2.

_____

[1] *McMillan v. Shinseki*, No. 09-1670, 2010 U.S. App. Vet. Claims LEXIS 1862 (Vet. App. Oct. 13, 2010).

In January 2008, the Board remanded Mr. McMillan's appeal to the regional office, observing that the medical examination did "not clearly indicate whether [Mr. McMillan's] diabetes requires a 'regulation of activities,' as required for the next higher rating under the applicable diagnostic code," 38 C.F.R. §4.119, Diagnostic Code 7913. The Board ordered the regional office to schedule another VA examination, and that "[t]he examiner should specifically comment on whether the veteran requires insulin, oral medication, restricted diet, regulation of activities, or hospitalization for hypoglycemic reactions or ketoacidosis." 2010 U.S. App. Vet. Claims LEXIS 1862, at *3. There were further proceedings and medical findings, and ultimately the Board declined to increase the disability rating.

On appeal to the Veterans Court, Mr. McMillan argued that the Board based its decision on its "own unsubstantiated medical opinion" because the VA physician's report did not render an independent opinion, but relied on Mr. McMillan's own statements. In response, the Secretary argued that the Board based its decision on "a detailed discussion of the February 2008 examiner's opinion, as well as the additional medical evidence of record ...." 2010 U.S. App. Vet. Claims LEXIS 1862, at *7. The Veterans Court stated that "the Board may only consider independent medical evidence and may not substitute its own medical opinion," *id.*, at *14 *citing Stefl v. Nicholson*, 21 Vet. App. 120, 124-25 (2007), and found that the Board relied on the February 2008 medical examination and opinions offered therein, and on the whole of Mr. McMillan's medical record.

On this appeal, Mr. McMillan states that the Veterans Court erred in law, in that it improperly permitted the Board to substitute its own medical opinion for the allegedly inadequate opinion of the medical examiner. However, the adequacy of a medical opinion is a question of fact, and is

not subject to our review.  Our jurisdiction to review decisions of the Veterans Court is limited by statute and, absent a constitutional issue, we have no authority to review a challenge to a factual determination or a challenge to the application of law to particular facts. 38 U.S.C. §7292(d)(2) (2006).  The issues presented by Mr. McMillan are within the proscribed categories, and not within our jurisdiction. The appeal must be dismissed.

## DISMISSED

No costs.