Citation Nr: 1702632 
Decision Date: 01/31/17 Archive Date: 02/09/17

DOCKET NO. 11-28 981 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Nashville, Tennessee


THE ISSUE

Entitlement to service connection for a low back disorder. 


REPRESENTATION

Veteran represented by: The American Legion


ATTORNEY FOR THE BOARD

Paul Bametzreider, Associate Counsel


INTRODUCTION

The Veteran served on active duty from September 1964 to September 1966. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a September 2010 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Nashville, Tennessee. The claims file is now entirely in VA's electronic processing systems, Virtual VA and the Veterans Benefits Management System.

This issue was remanded by the Board in April 2016 for further development. It has now been returned to the Board for adjudication.


FINDING OF FACT

A low back disorder is not shown to be causally or etiologically related to any disease, injury, or incident in service, and arthritis did not manifest within one year of the Veteran's discharge from service. 


CONCLUSION OF LAW

The criteria for service connection for a low back disorder have not been met. 38 U.S.C.A. §§ 1101, 1110, 1112, 1113, 5103, 5103A, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.307, 3.309 (2016).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

I. Duties to Notify and Assist

The requirements of 38 U.S.C.A. §§ 5103 and 5103A have been met. There is no issue as to providing an appropriate application form or completeness of the application. VA notified the Veteran in May 2010, of the information and evidence needed to substantiate and complete a claim, to include notice of what part of that evidence is to be provided by the claimant and what part VA will attempt to obtain, and how disability evaluations and effective dates are assigned.

VA has also satisfied its duty to assist. The claims folder contains the Veteran's service treatment and personnel records. Although some Social Security records are associated with the claim, the Social Security Administration informed VA that any further records they may have once held had been destroyed, and therefore they are not available for review. 

A review of the May 2016 VA examination reveals that the Veteran reported filing worker's compensation claims as early as 1978. Simmilarly, the Veteran appears to have undergone surgery for his spine in or around 1978. No evidence of either a worker's compensation claim or the 1978 surgery is of record. The Board notes that the Veteran has not submitted any records associated with those events, nor has he requested that VA obtain those records. The Board emphasizes that "the duty to assist is not always a one-way street. If a Veteran wishes help, he cannot passively wait for it in those circumstances where he may or should have information that is essential in obtaining the putative evidence." Wood v. Derwinski, 1 Vet. App. 190, 193 (1991). Therefore, the Board finds that VA has satisfied its duty to assist in this regard.

Pursuant to the April 2016 Board remand, an adequate VA examination was conducted in May 2016. All new evidence was considered in a June 2016 supplemental statement of the case. The Board therefore finds that there was substantial compliance with the previous remand directives relating to the issue decided herein. See Dyment v. West, 13 Vet. App. 141 (1999).

In sum, there is no evidence of any VA error in notifying or assisting the Veteran that reasonably affects the fairness of this adjudication. See 38 C.F.R. § 3.159.

II. Analysis

The Veteran contends that his low back disability is related to his active military service, to include an injury incurred while lifting a 300 gallon water trailer. 

Service connection may be granted for a disability resulting from a disease or injury incurred in or aggravated by active service. 38 U.S.C.A. §§ 1110, 1131; 38 C.F.R. § 3.303 (a). To establish entitlement to service-connected compensation benefits, a veteran must show: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Holton v. Shinseki, 557 F.3d 1362, 1366 (Fed. Cir. 2010).

Except as otherwise provided by law, a claimant has the responsibility to present and support a claim for benefits. VA shall consider all information and lay and medical evidence of record in a case and when there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, VA shall give the benefit of the doubt to the claimant. 38 U.S.C.A. § 5107. To deny a claim on its merits, the evidence must preponderate against the claim. Alemany v. Brown, 9 Vet. App. 518, 519 (1996).

The Board acknowledges the Veteran currently suffers from a low back disability, diagnosed at his May 2016 VA examination as intervertebral disc disease, degenerative joint disease, lumbar intervertebral disc disease, and post-laminectomy syndrome. The Veteran underwent a left L4-5 lumbar discectomy with decompression of the thecal sac and left L5 nerve root in April 2006. Further review of the claims folder indicates reports that the Veteran underwent a similar procedure at L5-S1 in or around 1978, but that surgery is otherwise undocumented. 

Likewise, the Board also acknowledges the Veteran's records demonstrate he suffered an injury to his low back during active duty service. That incident is documented by a June 1966 note in the Veteran's service treatment record (STR) which indicates that he strained his back while lifting a water trailer and was placed on light duty for five days and prescribed medication. Pain at L4-5 was noted at that time. 

However, the Board finds insufficient evidence of a nexus between the Veteran's in-service injury, or any other in-service incurrence or injury, and the Veteran's current disability, to warrant service connection. As an initial matter, the Board notes that a review of the Veteran's STR reveals no other complaints of low back pain, aside from the aforementioned June 1966 treatment note, or any ongoing treatment for the Veteran's injury besides those noted herein. To this end, the Veteran's September 1966 separation examination notes a normal "spine, other musculoskeletal." 

A review of the private treatment records similarly fails to reveal evidence of the etiology of the Veteran's claimed back disability. Records from March 2006 through November 2007 document ongoing treatment for the Veteran's back pain but no opinion as to the etiology of the disorder. An October 2010 primary care treatment note states the Veteran continued to be symptomatic following his 1966 injury. However, this statement appears to be based solely on the Veteran's own account, and expresses no opinion as to the etiology of the Veteran's current disability. An April 2012 VA examination for individual unemployability notes the Veteran's nonservice-connected degenerative disease of the lumbar spine, but, again, provides no opinion as to etiology of that condition. In sum, the Board finds no competent evidence that speaks to the etiology of the Veteran's claimed back disability in the treatment records. 

In contrast, the Board notes that the May 2016 VA medical examination provides a negative nexus opinion with regard to the Veteran's back disability. The Board finds that examination to be both adequate and deserving of high probative weight. In conducting the May 2016 examination, the VA examiner noted a complete review of the claims file, to include the Veteran's medical history and lay statements of record. The examiner opined that it was less likely than not that the Veteran's back condition was the result of any incident of the Veteran's military service, to include his in-service injury. In providing a rationale for his conclusion, the examiner enumerated three bases for his opinion. First, the examiner noted the fact that the Veteran had not sought further treatment for his in-service back injury. Second, the examiner found that the etiology asserted by the Veteran was not supported by current medical literature. Specifically, the examiner cited to literature which states that disc degeneration is considered to be "determined largely by genetics," and "therefore previous interpretations of the effect of heavy physical loading on changes in the disc have been challenged and remain inconclusive." Finally, the examiner noted intervening treatments, to include surgeries relating to the Veteran's civilian workman's compensation claims. 

In reviewing the VA examiner's rationale, it is not clear how the third factor contributed to the examiner's analysis. A review of the claims file reveals no evidence of a workman's compensation claim filed by the Veteran. Therefore, the Board finds that although the examiner's third basis may relate to existing evidence not available to the Board, the Board affords no probative weight to the third rationale. Nonetheless, the Board finds that the examiner's other two bases are adequate to support the negative nexus opinion. Additionally, the Board finds that the examiner adequately spoke to the Veteran's lay account of his in-service injury as the examiner specifically referenced the Veteran's lay assertions regarding his injury and symptomatology. As such, because the Board finds the examiner's opinion to have been based on an accurate medical history and to describe the Veteran's low back disability in sufficient detail, the opinion is adequate for review on the merits, and is ultimately highly probative with regard to the nexus element of the Veteran's claim for service connection. Stefl v. Nicholson, 21 Vet. App. 120, 124-25 (2007); see also Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 304 (2008).

The Board acknowledges that the Veteran has continuously asserted that his back injury was the result of his in-service injury. However, the Board finds that while the Veteran may be competent to speak to such physical manifestations, he is not competent to provide a medical diagnosis of a chronic disability, or speak to the etiology of such a condition, as he is not shown to have the required medical training or expertise. Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007). Lay evidence is competent when it does not require the proponent to have specialized education, training, or experience. 38 C.F.R. § 3.159 (a)(2) (2016); Bruce v. West, 11 Vet. App. 405 (1998) (one not a medical expert is nevertheless competent to offer evidence of his symptoms in support of a claim for an increased disability evaluation); Layno v. Brown, 6 Vet. App. 465 (1994). Here, competent medical evidence has provided no diagnosis of any chronic disability of the Veteran's back. The VA examiner arrived at an opinion after not only a review of the Veteran's medical history and an in-person examination, but also through consideration of the Veteran's lay statements. The Board finds that the finding of a negative nexus in the VA examination is the most probative evidence in determining whether the Veteran's condition is in fact etiologically connected to his military service. 

As no competent evidence of record exists to establish a nexus between the Veteran's in-service injury and his current low back disability, service connection for that disability on a direct basis cannot be granted. See Holton, 577 F.3d at 1366.

The Board notes that in addition to direct service connection, a chronic condition may also be presumptively service connected. Under 38 C.F.R. § 3.303 (b), service connection may be established by demonstrating continuity of symptomatology. Continuity may be established if a claimant can demonstrate (1) that a condition was "noted" during service; (2) evidence of post-service continuity of the same symptomatology; and (3) medical or, in certain circumstances, lay evidence of a nexus between the present disability and the post-service symptomatology. The provisions of 38 C.F.R. § 3.303 (b) only apply to diseases recognized by VA as "chronic." See Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013); 38 C.F.R. §§ 3.303 (b), 3.309(a). Here, the Veteran's May 2016 VA examination noted imaging studies of the Veteran's thoracolumbar spine which documented arthritis. Arthritis is a "chronic" disease for VA purposes. 38 U.S.C.A. § 1101. Chronic diseases that become manifest to a degree of 10 percent within one year of termination of active duty may be presumed to have been incurred in service. 38 U.S.C.A. §§ 1101, 1112, 1113, 1137; 38 C.F.R. §§ 3.307, 3.309. 

However, a review of the claims file reveals no competent medical evidence that arthritis had developed to a compensable degree during or within the presumptive period (one year) from service. An aforementioned October 2010 primary care treatment note states the Veteran continued to be symptomatic following his 1966 injury. But again, that statement appears to be based on the Veteran's own account, and provides no opinion as to whether the symptoms manifested to a compensable degree within one year of service, let alone whether such pain constituted arthritis. To this end, the Board finds that the Veteran as a lay person is not competent to establish continuity of symptomatology for this disability. The Board notes that lay persons are competent to report on matters observed or within their personal knowledge. Layno, 6 Vet. App. at 470. The Veteran reports ongoing back pain since his June 1966 injury. Although the Veteran is competent to report these symptoms, whether his low back pain constituted a disability manifest to a degree of 10 percent, or a diagnosis of arthritis in his back, requires medical knowledge beyond that of a lay person. Thus, as the Veteran has not shown to possess the requisite medical education, training, or experience, he cannot competently speak to such continuity, and as there is no competent evidence to support presumptive service connection on the basis of continuity of symptomatology, the claim must also be denied on a presumptive basis. 

The Board finds that the preponderance of the evidence is against finding that the Veteran has a low back disability that is related to any event in service, or that was incurred within one year of separation from service. The Board has considered the doctrine of reasonable doubt; as the preponderance of the evidence is against the appellant's claim, the doctrine does not apply. See Gilbert v. Derwinski, 1 Vet. App. 49 (1990); 38 C.F.R. § 3.102.



ORDER

Entitlement to service connection for a low back disability is denied.



____________________________________________
Nathaniel J. Doan
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs