﻿Citation Nr: AXXXXXXXX
Decision Date: 05/02/19 Archive Date: 05/02/19

DOCKET NO. 190214-2801
DATE: May 2, 2019

ORDER

Readjudication of the claim for service connection for loss of use of legs is warranted.

REMANDED

Entitlement to service connection for loss of use of legs is remanded.

Entitlement to service connection for bilateral hearing loss is remanded.

Entitlement to service connection for tinnitus is remanded.

FINDING OF FACT

New evidence was received after the final March 1982 denial that is relevant to the issue of entitlement to service connection for loss of use of legs.

CONCLUSION OF LAW

The criteria for readjudicating the claim for service connection for loss of use of legs have been met. 84 Fed. Reg. 138, 169 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 3.156(d)).

REASONS AND BASES FOR FINDING AND CONCLUSION

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Board is honoring the Veteran’s choice to participate in VA’s test program, RAMP, the Rapid Appeals Modernization Program.

The Veteran served on active duty in the United States Coast Guard from September 1953 to June 1955. 

The Veteran selected the Supplemental Claim lane when he opted in to the AMA review system by submitting a RAMP election form. Accordingly, the January 2019 AMA rating decision considered the evidence of record as of the date VA received the RAMP election form. The Veteran timely appealed this rating decision to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ).

In the January 2019 AMA decision, the AOJ presumed new and relevant evidence was submitted to warrant readjudicating the claims for service connection for bilateral hearing loss and tinnitus. The Board notes that it is bound by these favorable findings. 84 Fed. Reg. 138, 167 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 3.104(c)). The AOJ then proceeded to deny the claims on their merits.

The new and material evidence issue regarding loss of use of legs has been recharacterized to reflect the applicable evidentiary standard. 84 Fed. Reg. 138, 172, 182 (Jan. 18, 2019) (to be codified at 38 C.F.R. §§ 3.2501(a)(1), 19.2).

Whether new and relevant evidence was presented to warrant readjudicating the claim of service connection for loss of use of legs.

The Veteran contends that he submitted evidence with his legacy system petition to reopen a claim for service connection for obstructive sleep apnea that is new and relevant and warrants readjudication of the issue.

In the January 2019 AMA decision, the Agency of Original Jurisdiction (AOJ) found new and relevant evidence was not submitted to warrant readjudicating the claim for service connection for loss of use of legs.

VA will readjudicate a claim if new and relevant evidence is presented or secured. 84 Fed. Reg. 138, 169 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 3.156(d)). “Relevant evidence” is evidence that tends to prove or disprove a matter in issue. 84 Red. Reg. 138, 172 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 3.2501(a)(1)).

The questions in this case are whether the veteran submitted evidence after the prior final denial of his claim for service connection for service connection for loss of use of legs, and if so, whether that evidence is new and relevant to his claim.

The Board finds that the new evidence after the prior final March 1982 rating decision in the legacy system has been received that is relevant to this claim. Since the March 1982 rating decision, VA has received a formal diagnosis of the Veteran’s loss of use of use of legs condition (i.e., the diagnosis of familial periodic paralysis). This formal diagnosis was not already of record and may prove or disprove the current disability element of the claim for service connection for loss of use of legs. As such, readjudication of the claim is warranted.

REASONS FOR REMAND

1. Entitlement to service connection for loss of use of legs is remanded.

After reviewing the record, the Board finds that the AOJ did not fulfill its duty to assist the Veteran by providing him with a VA examination for his claimed loss of use of legs. As discussed above, the Veteran has a current diagnosis of familial periodic paralysis. In Stefl v. Nicholson, 21 Vet. App. 120 (2007), the United States Court of Appeals for Veterans Claims (Court) found that, "[w]ithout a medical opinion that clearly addresses the relevant facts and medical science, the Board is left to rely on its own lay opinion, which it is forbidden from doing." 

The Board cannot make a fully-informed decision on the issue of entitlement to service connection for loss of use of legs because no VA examiner has opined whether it is due to the Veteran’s active duty service. As such, this matter is remanded for a VA examination.

2. Entitlement to service connection for bilateral hearing loss is remanded.

In the January 2019 AMA decision, the AOJ presumed new and relevant evidence was submitted to warrant readjudicating the claim for service connection for bilateral hearing loss. The Board notes that it is bound by this favorable finding. 84 Fed. Reg. 138, 167 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 3.104(c)). The AOJ then proceeded to deny the claim on its merits.

After reviewing the record, the Board finds that the AOJ committed a pre-decisional error in that it did not provide the Veteran with an adequate VA examination for his claimed bilateral hearing loss. Here, the examiner failed to provide an opinion on the etiology of the Veteran’s bilateral hearing loss, relying on a lack of documented tinnitus in service and length of time between service and the claim as justification. See, Stefl. As the examiner provided no explanation for his finding that the etiology of the Veteran's bilateral hearing loss could not be determined without resort to mere speculation, the opinion is inadequate, and a new VA examination is warranted. 

3. Entitlement to service connection for tinnitus is remanded.

In the January 2019 AMA decision, the AOJ presumed new and relevant evidence was submitted to warrant readjudicating the claim for service connection for tinnitus. The Board notes that it is bound by this favorable finding. 84 Fed. Reg. 138, 167 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 3.104(c)). The AOJ then proceeded to deny the claim on its merits.

After reviewing the record, the Board finds that the AOJ committed a pre-decisional error in that it did not provide the Veteran with an adequate VA examination for his claimed tinnitus. Here, the examiner failed to provide an opinion on the etiology of the Veteran’s tinnitus, relying on a lack of documented tinnitus in service and length of time between service and the claim as justification. See, Stefl. As the examiner provided no explanation for his finding that the etiology of the Veteran's tinnitus could not be determined without resort to mere speculation, the opinion is inadequate, and a new VA examination is warranted.

The matters are REMANDED for the following action:

1. The AOJ should contact the Veteran and his current representative and request their assistance in identifying any outstanding relevant records. The AOJ should make reasonable attempts to obtain all identified outstanding records and associate them with the Veteran’s claims file.

Loss of Use of Legs

2. After, and only after, completion of step one above, schedule the Veteran for an examination by an appropriate clinician to determine the nature and etiology of any loss of use of legs disability. The examiner must opine whether it is at least as likely as not related to an in-service injury, event, or disease. 

All opinions provided must be thoroughly explained, and a complete and detailed rationale for any conclusions reached should be provided (a bare conclusory statement will be deemed inadequate). The examiner is reminded that the term “as likely as not” does not mean “within the realm of medical possibility,” but rather that the evidence of record is so evenly divided that, in the examiner’s expert opinion, it is as medically sound to find in favor of the proposition as it is to find against it. 

It is not sufficient to base an opinion on a mere lack of documentation of complaints in the service or post-service treatment records.

Bilateral Hearing Loss

3. After, and only after, completion of step one above, schedule the Veteran for an examination by an appropriate clinician to determine the nature and etiology of any bilateral hearing loss disability. The examiner must opine whether it is at least as likely as not related to an in-service injury, event, or disease, including exposure to acoustic trauma. 

All opinions provided must be thoroughly explained, and a complete and detailed rationale for any conclusions reached should be provided (a bare conclusory statement will be deemed inadequate). The examiner is reminded that the term “as likely as not” does not mean “within the realm of medical possibility,” but rather that the evidence of record is so evenly divided that, in the examiner’s expert opinion, it is as medically sound to find in favor of the proposition as it is to find against it. 

It is not sufficient to base an opinion on a mere lack of documentation of complaints in the service or post-service treatment records.

Tinnitus

4. After, and only after, completion of step one above, schedule the Veteran for an examination by an appropriate clinician to determine the nature and etiology of any tinnitus. The examiner must opine whether it is at least as likely as not related to an in-service injury, event, or disease, including exposure to acoustic trauma. 

All opinions provided must be thoroughly explained, and a complete and detailed rationale for any conclusions reached should be provided (a bare conclusory statement will be deemed inadequate). The examiner is reminded that the term “as likely as not” does not mean “within the realm of medical possibility,” but rather that the evidence of record is so evenly divided that, in the examiner’s expert opinion, it is as medically sound to find in favor of the proposition as it is to find against it. 

It is not sufficient to base an opinion on a mere lack of documentation of complaints in the service or post-service treatment records.

(Continued on the next page)

 

5. After completing the above actions and any other necessary development, the claims must be readjudicated.

 

C. TRUEBA

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD B. P. Keeley, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.