﻿Citation Nr: AXXXXXXXX
Decision Date: 05/07/19 Archive Date: 05/06/19

DOCKET NO. 180701-357
DATE: May 7, 2019

REMANDED

Entitlement to service connection for a kidney condition, to include as due to herbicide agent exposure, is remanded.

REASONS FOR REMAND

The Veteran had active service from June 1968 to March 1989, including service in the Republic of Vietnam in from June 1969 to June 1970.

He appeals a May 2018 rating decision by the Agency of Original Jurisdiction (AOJ) denying entitlement to service connection for a kidney condition, to include as due to herbicide agent exposure.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). The AMA creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Veteran chose to participate in VA’s test program, the Rapid Appeals Modernization Program (RAMP), by submitting a RAMP election form.

The Veteran selected the Higher-Level Review lane on his RAMP election form. Accordingly, the May 2018 RAMP rating decision considered the evidence of record as of April 2, 2018, the date VA received the RAMP election form. In July 2018, the Veteran timely appealed the May 2018 RAMP rating decision to the Board and requested Direct Review of the evidence considered by the AOJ.

The Veteran thereafter submitted evidence during a period of time when new evidence was not allowed. Therefore, the Board may not consider this evidence. The Veteran may file a Supplemental Claim and submit or identify this evidence. If the evidence is new and relevant, VA will issue another decision on the claim, considering the new evidence in addition to the evidence previously considered. Specific instructions for filing a Supplemental Claim are included with this decision.

The Veteran contends that he has a kidney condition due to in-service herbicide agent exposure that occurred during his Vietnam service. The AOJ previously denied service connection in a rating decision dated October 2015. That rating decision became final because the Veteran did not file a notice of disagreement or new and material evidence within one year following notification of that decision. 38 U.S.C. § 7105; 38 C.F.R. §§ 20.302, 20.1103.

In the May 2018 RAMP decision, the AOJ found that new and relevant evidence was submitted to warrant readjudicating the claim for service connection for a kidney condition. The Board is bound by this favorable finding.

The Veteran has a currently-diagnosed kidney condition most recently described as “suspicious complex renal cysts.” See private urologist letter dated July 2017. He contends his kidney condition is caused by his exposure to an herbicide agent, specifically Agent Orange, while he was in Vietnam. In the May 2018 RAMP decision, the AOJ denied entitlement to service connection on the basis that the evidence of record does not show a causal link between his kidney condition and his active service. 

This issue is remanded to correct a duty to assist error that occurred prior to the May 2018 RAMP rating decision on appeal. The Veteran has not been afforded a VA examination for his kidney condition. The Board finds remand is necessary to afford him an opportunity for a VA examination because there is an indication the Veteran’s kidney condition may be associated with his presumed exposure to an herbicide agent in Vietnam, and insufficient competent medical evidence on file to make a decision on his claim for service connection. See McLendon v. Nicholson, 20 Vet. App. 79 (2006). 

Although the Veteran’s VA treatment records show his VA nephrologist informed him in March 2013 that it was “very highly unlikely that he would have any kidney problems” due to herbicide agent exposure, the Veteran’s private urologist stated in his July 2017 letter that the Veteran’s “exposure to Agent Orange makes a high index of suspicion for occult neoplasm.” 

This is sufficient to trigger VA’s duty to afford the Veteran a VA examination. See McLendon, 20 Vet. App. at 83 (“types of evidence that ‘indicate’ that a current disability ‘may be associated’ with military service include, but are not limited to, medical evidence that suggests a nexus but is too equivocal or lacking in specificity to support a decision on the merits”). Accordingly, a VA examination and opinion is required on remand to answer the medical question of the etiology of any currently-diagnosed kidney conditions. Although his kidney condition is not on VA’s list of conditions presumptively related to herbicide exposure, CAVC has indicated that "[t]he availability of presumptive service connection for some conditions based on exposure to Agent Orange does not preclude direct service connection for other conditions based on exposure to Agent Orange." Stefl v. Nicholson, 21 Vet. App. 120, 123 (2007); see also Combee v. Brown, 34 F.3d 1039 (Fed. Cir. 1994).

The matter is REMANDED for the following action:

Schedule the Veteran for a VA examination to obtain an opinion as to the nature and etiology of any currently-diagnosed kidney conditions. All indicated tests and studies should be accomplished and the findings reported in detail. The examiner must provide a comprehensive explanation for all opinions provided, and address the following:

For each currently-diagnosed kidney condition, the VA examiner should opine whether it is at least as likely as not the condition began in or is otherwise etiologically related to his active military service, to include his presumed exposure to an herbicide agent during his service in Vietnam.

The examiner must provide a complete rationale for any opinion based on the examiner's medical expertise, medical principles, and the evidence in the record. However, the examiner is advised that simply stating any current kidney condition is not on the list of diseases presumptively associated with Agent Orange exposure is not sufficient rationale for a negative opinion.

 

MICHELLE L. KANE

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD D. Leamon, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.