﻿Citation Nr: AXXXXXXXX
Decision Date: 06/25/19 Archive Date: 06/25/19

DOCKET NO. 180702-251
DATE: June 25, 2019

REMANDED

Service connection for a back disability is remanded.

Service connection for neuropathy of the left leg is remanded.

Service connection for sleep apnea is remanded.

REASONS FOR REMAND

The Veteran served on active duty from September 1979 to September 1982.

This matter comes before the Board of Veterans’ Appeals (Board) on appeal from a May 2018 rating decision by the Department of Veterans Affairs (VA). 

In April 2019, the Veteran testified at a Board hearing before the undersigned Veterans Law Judge; a transcript of that hearing is of record.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Veteran chose to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program. This decision has been written consistent with the new AMA framework.

1. Service connection for a back disability is remanded.

The Veteran testified that he injured his back in service in 1980, 1986, and 1991. The Veteran reported that he has experienced back pain and problems since these events. The Veteran has a current diagnosis of lumbar degenerative disc disease.

In the May 2018 rating decision, the AOJ rendered the following favorable findings: Service treatment records dated June 1980 show that the Veteran was seen for complaints of low back pain; January 1986 treatment records show the Veteran injured his back while putting up a tent; and April 1991 treatment records show an individual sick slip showing right ankle, left of neck, and back. Under RAMP, favorable findings made by the AOJ are binding on the Board. Therefore, an in-service event/injury is shown.

A September 2014 VA opinion states that the Veteran’s back disability was less likely than not incurred in or caused by the lower back pain and left leg pain treated during military service as there was no injury, event, or condition which developed in service which can be causally linked to his current back pain. It further notes that the episodes of back pain treated in service and the episode of left leg pain were sporadic isolated life events without evidence of underlying chronic condition. The opinion was based primarily on the fact that the Veteran denied any chronic or recurrent back pain on military physicals in both 1982 and 1988. However, the fact that the Veteran did not specifically report a chronic condition at these times is not dispositive of the issue. Moreover, the Board has found the Veteran’s assertions of continuity of symptomatology since service to be credible. It does not appear these allegations were considered by the VA examiner. An opinion based on these facts is inadequate. As a result, remand for a new examination is necessary. See Stefl v. Nicholson, 21 Vet. App. 120, 124 (2007).

2. Service connection for neuropathy of the left leg is remanded.

The Veteran testified that he has experienced chronic neuropathy of his left leg that originates from his back. The Veteran has a current diagnosis of lumbar radiculopathy.

A September 2014 VA opinion states that the Veteran’s episode of left leg numbness, tingling, and weakness is not associated with any back pain and is unlikely to have had its origin in the back without an associated back symptom. It further notes that the Veteran had no documented recurrence of this episode to show any chronic condition was the cause of this episode of pain. The opinion was based primarily on the fact that the Veteran denied any chronic or recurrent back pain on military physicals in both 1982 and 1988. However, the fact that the Veteran did not specific report a chronic condition at these times is not dispositive of the issue. Moreover, the Board has found the Veteran’s assertions of continuity of symptomatology since service to be credible. It does not appear these allegations were considered by the VA examiner. An opinion based on these facts is inadequate. As a result, remand for a new examination is necessary. See Stefl v. Nicholson, 21 Vet. App. 120, 124 (2007).

3. Service connection for sleep apnea is remanded.

The Veteran testified that he began having sleep apnea symptoms in service and went to sick call in service to report difficulty breathing. The Veteran has a current diagnosis of sleep apnea. The Veteran has not been given a VA examination for his sleep apnea. As such, remand for a VA examination is necessary. See McLendon v. Nicholson, 20 Vet. App. 79, 83 (2006).

 

The matters are REMANDED for the following action:

1. Schedule the Veteran for an appropriate VA examination to determine the etiology of any back disability that the Veteran may currently have. The examiner should be provided a copy of the claim file, including all lay statements and private treatment records submitted by the Veteran. A review of the claim file should be noted in any subsequent opinion.

After an examination of the Veteran, the examiner should provide an opinion regarding whether it is more likely than not (i.e., probability greater than 50 percent), at least as likely as not (i.e., probability of 50 percent), or less likely than not (i.e., probability less than 50 percent) that any back disability is at least as likely as not caused by or aggravated by the Veteran’s service. The examiner is reminded that the term “as likely as not” does not mean “within the realm of medical possibility,” but rather that the evidence of record is so evenly divided that, in the examiner’s expert opinion, it is as medically sound to find in favor of the proposition as it is to find against it. The Veteran’s statements noting his injury in service must be considered and discussed.

A detailed explanation (rationale) is required for all opinions provided. (By law, the Board is not permitted to rely on any conclusion that is not supported by a thorough explanation. Providing an opinion or conclusion without a thorough explanation will delay processing of the matter and may also result in a clarification being requested).

2. Schedule the Veteran for an appropriate VA examination to determine the etiology of any left leg radiculopathy disability that the Veteran may currently have. The examiner should be provided a copy of the claim file, including all lay statements and private treatment records submitted by the Veteran. A review of the claim file should be noted in any subsequent opinion.

After an examination of the Veteran, the examiner should provide an opinion regarding whether it is more likely than not (i.e., probability greater than 50 percent), at least as likely as not (i.e., probability of 50 percent), or less likely than not (i.e., probability less than 50 percent) that any left leg radiculopathy is at least as likely as not caused by or aggravated by the Veteran’s service. The examiner is reminded that the term “as likely as not” does not mean “within the realm of medical possibility,” but rather that the evidence of record is so evenly divided that, in the examiner’s expert opinion, it is as medically sound to find in favor of the proposition as it is to find against it. The Veteran’s statements noting his injury in service must be considered and discussed.

In addition, the examiner should provide an opinion as to whether it is more likely than not (i.e., probability greater than 50 percent) that the Veteran’s left leg radiculopathy is caused by or aggravated (permanently worsened) beyond normal progression by the Veteran’s back disability.

A detailed explanation (rationale) is required for all opinions provided. (By law, the Board is not permitted to rely on any conclusion that is not supported by a thorough explanation. Providing an opinion or conclusion without a thorough explanation will delay processing of the matter and may also result in a clarification being requested).

3. Schedule the Veteran for an appropriate VA examination to determine the etiology of the Veteran’s sleep apnea disability. The examiner should be provided a copy of the claim file, including all lay statements and private treatment records submitted by the Veteran. A review of the claim file should be noted in any subsequent opinion.

After an examination of the Veteran, the examiner should provide an opinion regarding whether it is more likely than not (i.e., probability greater than 50 percent), at least as likely as not (i.e., probability of 50 percent), or less likely than not (i.e., probability less than 50 percent) that the Veteran’s sleep apnea is at least as likely as not caused by or aggravated by the Veteran’s service. The examiner is reminded that the term “as likely as not” does not mean “within the realm of medical possibility,” but rather that the evidence of record is so evenly divided that, in the examiner’s expert opinion, it is as medically sound to find in favor of the proposition as it is to find against it.

A detailed explanation (rationale) is required for all opinions provided. (By law, the Board is not permitted to rely on any conclusion that is not supported by a thorough explanation. Providing an opinion or conclusion without a thorough explanation will delay processing of the matter and may also result in a clarification being requested).

4. If upon completion of the above action the claim remains denied, the case should be returned to the Board after compliance with appellate procedures.

 

E. I. VELEZ

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD I. Kerner, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.