﻿Citation Nr: AXXXXXXXX
Decision Date: 10/31/19 Archive Date: 10/31/19

DOCKET NO. 190319-6441
DATE: October 31, 2019

ORDER

New and relevant evidence having been received, readjudication of a claim for compensation under 38 U.S.C. § 1151 for a cervical spine disorder is warranted.

Compensation under 38 U.S.C. § 1151 for headaches is denied.

Compensation under 38 U.S.C. § 1151 for a cervical spine disorder is denied.

FINDINGS OF FACT

1. In a final February 2008 rating decision, the Agency of Original Jurisdiction (AOJ) determined that new and material evidence had not been received in order to reopen a claim of entitlement to service connection for a cervical spine disorder.

2. Evidence added to the record since the final February 2008 denial was not previously part of the actual record before the AOJ and tends to prove or disprove a matter at issue in regard to the Veteran’s claim of entitlement to compensation under 38 U.S.C. § 1151 for a cervical spine disorder. 

3. The Veteran did not incur an additional disability, or the aggravation of an existing disability, of headaches as a result of VA treatment. 

4. The Veteran did not incur an additional disability, or the aggravation of an existing disability, of a cervical spine disorder as a result of VA treatment.

CONCLUSIONS OF LAW

1. The February 2008 rating decision that determined that new and material evidence had not been received in order to reopen a claim of entitlement to service connection for a cervical spine disorder is final. 38 U.S.C. § 7105(c) (2002) [2012]; 38 C.F.R. §§ 3.104, 3.156, 20.302, 20.1103 (2007) [(2019)].

2. The criteria for readjudicating the claim of entitlement to compensation under 38 U.S.C. § 1151 for a cervical spine disorder have been met. 38 U.S.C. § 5108; 84 Fed. Reg. 138, 172, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. §§ 3.156(d), 3.2501(a)(1), 19.2).

3. The criteria for compensation under 38 U.S.C. § 1151 for headaches have not been met. 38 U.S.C. §§ 1151, 5107; 38 C.F.R. §§ 3.102, 3.361

4. The criteria for compensation under 38 U.S.C. § 1151 for a cervical spine disorder have not been met. 38 U.S.C. §§ 1151, 5107; 38 C.F.R. §§ 3.102, 3.361.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from August 1980 to February 1990. In a January 2015 rating decision, a Department of Veterans Affairs (VA) Regional Office (RO) denied compensation under 38 U.S.C. § 1151 for headaches and a cervical spine disorder. 

Following the receipt of a notice of disagreement, the AOJ issued a statement of the case in March 2019. Later that month, the Veteran submitted both a substantive appeal (VA Form 9) and a Decision Review Request: Board Appeal (Notice of Disagreement) (VA Form 10182) under the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA), which operated to withdraw his substantive appeal. 

In such election, the Veteran requested Direct Review of the evidence considered by the AOJ. Consequently, the Board’s review is limited to the evidence of record at the time of the issuance of the statement of the case on March 4, 2019, which becomes the AOJ rating decision when a Veteran opts-in to the modernized appeal system following the issuance of such procedural document. 84 Fed. Reg. 138, 171 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 3.2400(c)(2)).

In August 2018, the Veteran testified before a Decision Review Officer (DRO) at the RO. A transcript of the hearing is associated with the record. The Board notes that, in connection with his subsequently withdrawn VA Form 9, the Veteran requested a Board hearing before a Veterans Law Judge; however, despite being provided the option to do so, he did not request one in his VA Form 10182. Thus, there is no current pending hearing request.

1. Whether new and relevant evidence has been received in order to readjudicate a claim for compensation under 38 U.S.C. § 1151 for a cervical spine disorder.

By way of background, service connection for a cervical spine disorder was originally denied in an April 2005 rating decision. Thereafter, in a February 2008 rating decision, the AOJ considered the entirety of the record, to include the Veteran’s service treatment records and post-service treatment records, and determined that new and material evidence had not been received in order to reopen a claim of entitlement to service connection for a cervical spine disorder.

In February 2008, the Veteran was advised of the decision and his appellate rights; however, he did not file a notice of disagreement with such decision. Furthermore, no new and material evidence was physically or constructively of record within one year of such decision and no new relevant service department records have since been received. Therefore, the February 2008 rating decision is final. 38 U.S.C. § 7105(c) (2002) [(2012)]; 38 C.F.R. §§ 3.104, 3.156, 20.302, 20.1103 (2007) [(2019)].

Generally, a claim which has been denied in an unappealed Board decision or an unappealed AOJ decision may not thereafter be reopened and allowed. 38 U.S.C. §§ 7104(b), 7105(c). VA will readjudicate a claim if new and relevant evidence is presented or secured. 84 Fed. Reg. 138, 169 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 3.156(d)). 

In this regard, the AMA defines “new evidence” as “evidence not previously part of the actual record before agency adjudicators.” Additionally, “relevant evidence” is defined as “information that tends to prove or disprove a matter at issue in a claim.” 84 Fed. Reg. 138, 172 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 3.2501(a)(1)).

Since the final February 2008 rating decision, additional evidence consisting of lay statements, VA treatment records, Social Security Administration (SSA) records, and VA examination reports has been received. Such evidence includes the Veteran’s contention for compensation under a new theory of entitlement, i.e., 38 U.S.C. § 1151, as well as medical records and opinions addressing such theory of entitlement. Consequently, the Board finds that the evidence added to the record since the final February 2008 denial was not previously part of the actual record before the AOJ and tends to prove or disprove a matter at issue in regard to the Veteran’s claim of entitlement to compensation under 38 U.S.C. § 1151 for a cervical spine disorder, the Board finds that new and relevant evidence has been received. Therefore, readjudication of the previously denied claim is warranted.

2. Entitlement to compensation under 38 U.S.C. § 1151 for headaches.

3. Entitlement to compensation under 38 U.S.C. § 1151 for a cervical spine disorder.

The Veteran contends that he has headaches and a cervical spine disorder as the result of improper treatment at the Augusta, Georgia, VA Medical Center (VAMC) while he was hospitalized for a cervical spine laminectomy in July 2000. In this regard, he reports that he was told by a medical student that he was dropped to the floor during surgery while wearing a halo, resulting in the need for extra staples, and incurring additional disabilities of headaches and a cervical spine disorder. In support of his claim, the Veteran submitted statements from his wife and friend who also report that a medical student told the Veteran that he was dropped in the operating room, necessitating extra staples. Thus, the Veteran claims that compensation under 38 U.S.C. §§ 1151 for headaches and a cervical spine disorder is warranted.

In pursuing his appeal, the Veteran has only contended that he is entitled to compensation under 38 U.S.C. § 1151, and neither he, nor the record, suggest a viable alternative theory of entitlement. See Robinson v. Shinseki, 557 F.3d 1355, 1361 (2008) (claims which have no support in the record need not be considered by the Board as the Board is not obligated to consider “all possible” substantive theories of recovery. Where a fully developed record is presented to the Board with no evidentiary support for a particular theory of recovery, there is no reason for the Board to address or consider such a theory).

Compensation under 38 U.S.C. § 1151 is awarded for a qualifying additional disability caused by improper VA treatment. A disability is a qualifying additional disability if the disability was not the result of the Veteran’s willful misconduct and the disability was caused by hospital care, medical or surgical treatment, or examination furnished the Veteran under any law administered by the Secretary of the VA, either by a Department employee or in a Department facility. Further, the proximate cause of the disability was carelessness, negligence, lack of proper skill, error in judgment, or similar instance of fault on the part of the Department in furnishing the hospital care, medical or surgical treatment, or examination; or an event not reasonably foreseeable. 38 U.S.C. § 1151; 38 C.F.R. § 3.361.

In Viegas v. Shinseki, 705 F.3d 1374 (Fed. Cir. 2013), the Federal Circuit noted that Section 1151 delineates three prerequisites for obtaining disability compensation. First, a putative claimant must incur a “qualifying additional disability” that was not the result of his own “willful misconduct.” 38 U.S.C. § 1151(a). Second, that disability must have been “caused by hospital care, medical or surgical treatment, or examination furnished the [v]eteran” by VA or in a VA facility. Finally, the “proximate cause” of the veteran’s disability must be “carelessness, negligence, lack of proper skill, error in judgment, or similar instance of fault on the part” of VA, or “an event not reasonably foreseeable.” See Viegas, supra; 38 U.S.C. § 1151(a)(1)(A), (a)(1)(B). Thus, Section 1151 contains two causation elements - a veteran’s disability must not only be caused by the hospital care or medical treatment he received from VA, but also must be proximately caused by the VA’s fault or an unforeseen event. 

In determining whether a veteran has an additional disability, VA compares the veteran’s condition immediately before the beginning of the hospital care or medical or surgical treatment upon which the claim is based to the veteran’s condition after care or treatment is rendered. 38 C.F.R. § 3.361(b). To establish causation, the evidence must show that the hospital care or medical or surgical treatment resulted in the veteran’s additional disability or death. Merely showing that a veteran received care or treatment and that the Veteran has an additional disability does not establish causation. 38 C.F.R. § 3.361(c)(1). 

Hospital care or medical or surgical treatment cannot cause the continuance or natural progress of a disease of injury for which the care or treatment was furnished unless VA’s failure to timely diagnose and properly treat the disease or injury proximately caused the continuance or natural progress. 38 C.F.R. § 3.361(c)(2). 

To establish that carelessness, negligence, lack of proper skill, error in judgment, or similar instance on VA’s part in furnishing hospital care, medical or surgical treatment, or examination proximately caused a veteran’s additional disability, it must be shown that the hospital care or medical or surgical treatment caused the Veteran’s additional disability; and (i) VA failed to exercise the degree of care that would be expected of a reasonable health care provider, or (ii) VA furnished the hospital care or medical or surgical treatment without the veteran’s informed consent. Determinations of whether there was informed consent involve consideration of whether the health care providers substantially complied with the requirements of 38 C.F.R. § 17.32. Minor deviations from the requirements of 38 C.F.R. § 17.32 that are immaterial under the circumstances of a case will not defeat a finding of informed consent. 38 C.F.R. § 3.361(d)(1). 

Whether the proximate cause of a veteran’s additional disability was an event not reasonably foreseeable is in each claim to be determined based on what a reasonable health care provider would have foreseen. The event need not be completely unforeseeable or unimaginable but must be one that a reasonable health care provider would not have considered to be an ordinary risk of the treatment provided. In determining whether an event was reasonably foreseeable, VA will consider whether the risk of that event was the type of risk that a reasonable health care provider would have disclosed in connection with the informed consent procedures of 38 C.F.R. § 17.32. 38 C.F.R. § 3.361(d)(2). 

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant. 38 U.S.C. § 5107; 38 C.F.R. § 3.102; see also Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990).

Turning to the Veteran’s treatment, the record reflects that he underwent a laminectomy of the spine at C4-C6 at the Augusta VAMC in July 2000. Surgical notes and subsequent treatment records are negative for any complications related to the surgery. Rather, such reflect that the procedure went well without complications. Importantly, such records do not include any mention of a fall or drop, nor any additional injury, and there were no other complications associated with the Veteran’s post-surgery recovery.

In May 2018, a VA examiner reviewed the record and noted the Veteran’s current complaints of headaches and neck pain since the surgery, as well as his statements regarding a fall during surgery. However, she opined that his neck pain and headaches are less likely than not caused or aggravated by the neck surgery from July 2000. In this regard, the examiner noted there was no evidence of a fall during surgery that would have resulted in the exacerbation of the Veteran’s neck and headache disabilities. Further, there was no record of post-operative complications after the surgery. She also observed that that neither the lay statements provided, nor the Veteran’s notation during a neurosurgery visit in November 2014, provide proof of the occurrence of the fall. Rather, such only serve as additional statements of the Veteran’s unfounded claim. Moreover, the examiner noted that the Veteran had a long-standing history of neck pain and headaches, dating back to the 1980’s, and he initially sought medical care for his neck symptoms, with associated shoulder pain and bilateral upper extremity numbness, in the 1990’s. In this regard, she indicated that the Veteran’s radicular symptoms in both upper extremities persisted, with increasingly severe headaches, as evidenced by an MRI and subsequent surgery in March 2005.

The Board affords great probative weight to the May 2018 VA examiner’s opinion as such considered all of the pertinent evidence of record, to include the statements of the Veteran, and provided a complete rationale, relying on and citing to the records reviewed. Moreover, the examiner offered clear conclusions with supporting data as well as reasoned medical explanations connecting the two. Nieves-Rodriguez v. Peake, 22 Vet. App. 295 (2008); Stefl v. Nicholson, 21 Vet. App. 120, 124 (2007) (“[A]medical opinion... must support its conclusion with an analysis that the Board can consider and weigh against contrary opinions”). Notably, there is no medical opinion to the contrary.

The Board acknowledges that the Veteran sincerely believes that he was dropped during surgery, which resulted in additional disabilities, or the aggravation of pre-existing disabilities, of headaches and a cervical spine disorder; however, the Board affords such statements no probative weight. In this regard, the Veteran, and his wife and friend, are certainly competent to describe being informed that he was dropped during surgery; however, such report is contradicted by the contemporaneous evidence of record, to include the surgical report and post-operative treatment records, and none of the aforementioned individuals witnessed the alleged fall. Moreover, if such event occurred as described (i.e., a fall that required extra staples or stitches, and resulted in injury to the neck and/or head), it would have been noted in the surgical or post-operative records. Cucuras v. Sec’y of Health and Human Servs., 993 F.2d 1525, 1528 (Fed. Cir. 1993) (finding no error in fact-finder’s decision to give more weight contemporaneous medical records generated for treatment purposes than to contrary lay testimony, reasoning that “[m]edical records, in general, warrant consideration as trustworthy evidence, and that “oral testimony in conflict with contemporaneous documentary evidence deserves little weight”). Further, the May 2018 examiner reviewed the record and found that it weighed against such an occurrence during the surgery. Consequently, the Board finds that the Veteran’s, his wife’s, and his friend’s lay statements lack credibility and affords them no probative weight. 

Based on the foregoing, the Board finds the Veteran did not incur an additional disability, or the aggravation of an existing disability, of headaches and/or a cervical spine disorder as a result of VA treatment. Consequently, the Board finds that compensation under 38 U.S.C. § 1151 for such disorders is not warranted. 

In reaching such decision, the Board has considered the applicability of the benefit of the doubt doctrine. However, the preponderance of the evidence is against the Veteran’s claims for compensation under 38 U.S.C. § 1151 for headaches and a cervical spine disorder. As such, that doctrine is not applicable in the instant appeal, and his claims must be denied. 38 U.S.C. § 5107; 38 C.F.R. § 3.102; Gilbert, supra.

 

 

A. JAEGER

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Jonathan Estes

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.