﻿Citation Nr: AXXXXXXXX
Decision Date: 08/27/19 Archive Date: 08/27/19

DOCKET NO. 190215-3367
DATE: August 27, 2019

REMANDED

The issue of service connection for a back disorder, to include intervertebral disc syndrome, spondylosis, posterolateral-disc protrusion, right-sided facet arthritis and degenerative disc disease is remanded.

REASONS FOR REMAND

The Veteran served on active duty in the U.S. Army from November 1983 to July 1991; August 2005 to January 2007; February 2009 to March 2010 and June 2010 to September 2011, to include service in Southwest Asia. 

This matter comes before the Board of Veterans’ Appeals (Board) on appeal from a January 2019 rating decision of the Wichita, Kansas Regional Office (RO).

Applicable to this matter is the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Veteran chose to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program. This decision has been written consistent with the new AMA framework.

Back disorder

In the October 2017 VA examination, the examiner opined that the Veteran’s back disorder was not caused by service because there was “no evidence presented” that demonstrated such causation. In the December 2017 VA addendum, the VA examiner opined that the Veteran’s back disorder was not caused by service because there was no evidence presented to establish such a relationship. 

The October 2017 and December 2017 VA medical opinions were inadequate because the VA examiner relied on the absence of evidence in a Veteran’s service medical records to provide a negative opinion. Dalton v. Nicholson, 21 Vet. App. 23 (2007) (holding that an examination was inadequate where the examiner did not comment on the Veteran’s report of in-service injury and instead relied on the absence of evidence in a veteran’s service medical records to provide a negative opinion; see also Stefl v. Nicholson, 21 Vet. App. 120, 124 (2007).

In an August 2018 letter, the Veteran’s private provider opined that the Veteran’s back disorder, “on a more probable than not basis,” was due to the Veteran having undergone 62 parachute jumps during service. It was noted that the Veteran denied any other possibilities. In a September 2018 letter, the Veteran’s private provider opined that the Veteran’s back disorder was caused by the Veteran having jumped out of planes and carrying heavy loads; however, no rationale was provided.

The August 2018 and September 2018 private medical opinions are of low probative value because both medical opinions were conclusory and did not provide the Board with sufficient analysis to consider and weigh the opinions. Stefl v. Nicholson, 21 Vet. App. 120, 124-125 (2007) (holding that a mere conclusion by a medical doctor is insufficient to allow the Board to make an informed decision as to what weight to assign to a doctor’s opinion).

The matter is remanded for the following actions:

1. Advise the Veteran that he may submit any additional medical and non-medical evidence relating to his back disorder that is not already in VA’s possession. Assist in obtaining any evidence cited.

2. Return the file to the VA examiner who conducted the December 2017 VA addendum for a file review concerning the Veteran’s back disorder. If the examiner is not available, have the file reviewed by a similarly-qualified examiner. Another examination is not required; however, if the VA examiner indicates that he or she cannot respond to the Board’s questions without examination of the Veteran, another examination should be afforded to the Veteran. All indicated tests and studies should be accomplished and the findings reported in detail.

All relevant medical records must be made available to the examiner for review of pertinent documents. The examination report should specifically state that such a review was conducted. The examiner must provide a comprehensive explanation for all opinions provided.

Was the Veteran’s back disorder caused by the Veteran having worn body armor during active service in 2005 and/or the Veteran having undergone parachute jumps during service?

THE EXAMINER IS ADVISED THAT IN 2005, THE VETERAN WAS DEPLOYED TO SOUTHWEST ASIA AS AN INFANTRYMAN AND WOULD HAVE WORN BODY ARMOR.

THE EXAMINER IS ALSO ADVISED THAT THE VETERAN RECEIVED THE PARACHUTIST BADGE AND WOULD HAVE PERFORMED SEVERAL PARCHUTE JUMPS DURING SERVICE.

Although the examiner must review the VBMS file, his or her attention is drawn to the following:

• In a June 2005 annual medical certificate, the Veteran answered in the negative to the question of whether he has had any medical problems since his last physical examination.

• In a June 2005 service medical history report, the Veteran answered in the negative to the question of whether he then had, or once had recurrent back pain or any back problem.

• In an August 2005 pre-deployment health assessment, the Veteran indicated that his health was “excellent” and that he had no questions or concerns about his health. 

• In a November 2005 pre-deployment health assessment, the Veteran indicated that his health was “very good” and that he had no questions or concerns about his health. 

• In an April 2007 annual medical certification, the Veteran answered in the negative to the question of whether he has had any medical problems since his last physical examination.

• In a May 2007 post-deployment health assessment, the Veteran reported that his health was “about the same” as before deployment and indicated not having any back pain as a symptom. 

• In a December 2008 physical profile record, the Veteran was assigned a profile designation of “1” for his upper extremities under the PULHES system. 

• In a February 2009 pre-deployment health assessment, the Veteran indicated that his health was “very good” and that he had no medical problems.

• In a January 2010 service medical assessment report, the Veteran reported that compared to his last medical physical examination, his overall health was better and that he had underwent no injury while on active duty for which he did not seek medical care. 

• In a January 2010 post-deployment health assessment, the Veteran reported that his health was “much better now” than before deployment and indicated not having any back pain as a symptom. 

• In an April 2010 post-deployment health assessment, the Veteran reported that his health was “about the same” as before deployment and indicated not having any back pain as a symptom.

• In an April 2011 service medical history report, the Veteran answered in the negative to the question of whether he then had, or once had recurrent back pain or any back problem.

• In an April 2011 service medical examination report, no spine abnormalities were noted.

• In a June 2011 post-deployment health assessment, the Veteran reported that his health was “somewhat better now” than before deployment and indicated not having any back pain as a symptom. 

• In an October 2011 post-deployment health assessment, the Veteran reported that his health was “about the same” as before deployment and indicated not having any back pain as a symptom. 

• In an October 2015 physical profile record, the Veteran was assigned a profile designation of “2” for his upper extremities under the PULHES system and the Veteran was advised not to engage in running. It was noted that the Veteran’s functional limitation was chronic mid and lower back pain.

• In an October 2015 medical care record, the Veteran was diagnosed with spondylosis in his lumbosacral region. 

• In an October 2015 private treatment record, the Veteran reported experiencing lower back pain. He was diagnosed with lumbar and thoracic spondylosis.

• In a December 2015 letter, the Veteran’s private provider indicated that the Veteran had chronic mid and lower back pain due to thoracic and lumbar spine spondylosis.

• In a January 2017 medical care record, the Veteran reported experiencing back pain. He was diagnosed with spondylosis without myelopathy or radiculopathy in his thoracic region. 

• An April 2017 private lumbar spine radiograph revealed posterolateral-disc protrusion at L3-4 and right-sided facet arthritis at L5-S1.

• In a June 2017 report of general information, the Veteran reported experiencing a pinched nerve in his back. 

• In the October 2017 VA examination, the Veteran reported having experienced back pain in 2005 due to wearing body armor. The Veteran was diagnosed with intervertebral disc syndrome, posterolateral disc protrusion and right-sided facet arthritis.

• A February 2018 private thoracic spine radiograph revealed degenerative disc disease. The radiograph also revealed no fracture, tumor, infection or paraspinal soft tissue injury.

• In an August 2018 statement, the Veteran reported experiencing back trouble during his second and third deployments.

• In an August 2018 VA treatment record, the Veteran reported experiencing low back pain from wearing body armor in 2005. The Veteran also reported having been involved in a motor vehicle accident in January 2018. He was diagnosed with chronic axial low back pain and mild degenerative disc disease/facet arthropathy. 

3. Ensure that the VA examiner has followed the remand instructions and readjudicate the issue on appeal. 

 

Vito A. Clementi

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board B. Cohen, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.