﻿Citation Nr: AXXXXXXXX
Decision Date: 11/30/20 Archive Date: 11/30/20

DOCKET NO. 200102-59854
DATE: November 30, 2020

ORDER

Service connection for left knee chondromalacia patella is granted. 

FINDING OF FACT

Resolving all doubt in his favor, the Board finds that the Veteran’s left knee chondromalacia patella developed as the result of injuries sustained during military service. 

CONCLUSION OF LAW

The criteria for service connection for left knee chondromalacia patella have been met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty in the United States Army from August 2004 to September 2009.

This case comes to the Board of Veterans’ Appeals (Board) on appeal from an Agency of Original Jurisdiction decision issued in October 2019. In January 2020, the Veteran appealed this decision and selected the Board Hearing Docket lane under the Appeals Modernization Act (AMA) review system by submitting a VA Form 10182 (Decision Review Request: Board (Notice of Disagreement)). Thereafter, in August 2020, the Veteran testified before the undersigned Veterans Law Judge; a transcript of the hearing is of record. At that hearing, the Veteran waived his right to submit additional evidence within 90 days of the hearing.

Finally, the Board notes that the Veteran has a separate appeal pending under the AMA regarding entitlement to service connection for a left wrist disability and an increased rating for a psychiatric disability. He testified at the August 2020 hearing regarding those issues. However, because those issues are pending under a different AMA appeal stream, a separate decision which addresses those issues has been concurrently issued.

The Veteran seeks service connection for left knee chondromalacia patella, which he asserts is due to his military service. Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by service. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303 (a). Service connection may also be granted for any disease diagnosed after discharge, when all of the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303 (d). Direct service connection may not be granted without evidence of a current disability; in-service incurrence or aggravation of a disease or injury; and a nexus between the claimed in-service disease or injury and the present disease or injury. Id.; see also Caluza v. Brown, 7 Vet. App. 498, 506 (1995) aff’d, 78 F.3d 604 (Fed. Cir. 1996).

The Veteran’s service treatment records do not show any injuries to, or treatment of, the Veteran’s left knee. The Board notes that his military occupational specialty (MOS) was wheeled vehicle mechanic. In August 2019, the Veteran underwent a VA examination in relation to his claim. At that time, the examiner confirmed the diagnosis of left knee chondromalacia patella. Regarding a nexus to service, the examiner concluded that it was less likely than not that the condition was related to an undiagnosed multisystem illness; rather, it was as likely as not due to joint micro trauma resulting from the Veteran’s MOS, as well as his duties as an infantryman. The Veteran reported that his knee joint pain began due to the physical demands of military service, and the examiner confirmed that his diagnosis of left knee chondromalacia patella was consistent with such activity. 

The Board affords great probative value to this opinion. The examiner clearly considered all relevant facts and included a detailed rationale for his conclusion. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295 (2008); Stefl v. Nicholson, 21 Vet. App. 120, 124 (2007). Notably, there is no medical opinion to the contrary. 

Consequently, the Board resolves all doubt in the Veteran’s favor and finds that his left knee chondromalacia patella is related to his active duty service. Therefore, service connection for such is warranted. 38 U.S.C. § 5107; 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990). The claim is granted. 

 

R. FEINBERG

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Jeremy J. Olsen, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.