﻿Citation Nr: AXXXXXXXX
Decision Date: 12/31/20 Archive Date: 12/31/20

DOCKET NO. 200106-53963
DATE: December 31, 2020

ORDER

Entitlement to service connection for hypertension as secondary to post-traumatic stress disorder (PTSD) with major depressive disorder (MDD) with anxious distress is denied.

FINDING OF FACT

The preponderance of the evidence is against finding that the Veteran’s hypertension was either proximately caused or aggravated by a service-connected disability.

CONCLUSION OF LAW

The criteria for entitlement to service connection for hypertension are not met. 38 U.S.C. § 1110, 1154, 5107; 38 C.F.R. § 3.310.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran had active duty service from January 1969 to September 1970.

In February 2018, the appellant filed a claim for service connection for hypertension. A rating decision was issued by the Agency of Original Jurisdiction (AOJ) in June 2018 denying the claim, with notification of appellate rights sent on June 28, 2018. The Veteran did not file a notice of disagreement (NOD) with this decision, but a special review of the Veteran’s file and the February 2018 claim was mandated, resulting in a June 2019 rating decision which confirmed and continued the denial of service connection for hypertension.

The appellant submitted a Decision Review Request: Supplemental Claim in response. A July 2019 supplemental rating decision from the AOJ continued the previous denial.

In August 2019, the appellant submitted a Decision Review Request form and selected the Higher Level Review (HLR) option for the July 2019 rating decision. In August 2019, the AOJ issued a rating decision finding that a duty to assist error had been identified during the HLR. The AOJ stated it would take steps to correct this error. 

The AOJ issued an October 2019 rating decision denying the claim. In its decision, the AOJ noted that it was processing the Veteran’s claim as a supplemental claim as of August 26, 2019 due to the duty to assist error.

In October 2019, the appellant submitted a Decision Review Request form and selected the HLR option for the October 2019 rating decision.

In December 2019, the AOJ issued the HLR rating decision, which denied the claim based on the evidence of record at the time of the October 2019 decision.

In January 2020, VA received a VA Form 10182, Decision Review Request: Board Appeal (NOD). The Veteran elected the Direct Review option; therefore, the Board may only consider the evidence of record at the time of the December 2019 AOJ decision on appeal. 38 C.F.R. § 20.301.

Due to the special review that was mandated and the continuous pursuit of this claim, the February 2, 2018 claim for hypertension remained pending and the appeal period begins on that date.

Service Connection

The Veteran seeks entitlement to service connection for hypertension as secondary to PTSD with MDD with anxious distress. He originally raised the theory that it was secondary to service-connected tinnitus but explicitly abandoned that theory in a statement received April 2018, stating “hypertension is claimed as secondary to anxiety not tinnitus.” The Veteran, his representative, and the record raise no other theory of service connection. As a result, the Board will limit its analysis to the theory advanced by the Veteran. Robinson v. Peake, 21 Vet. App. 545, 552-56 (2008).

In order to prevail on the issue of entitlement to secondary service connection, there must be: (1) evidence of a current disability; (2) evidence of a service-connected disability; and (3) nexus evidence, generally medical, establishing a connection between the service-connected disability and the current disability. 38 C.F.R. § 3.310; Wallin v. West, 11 Vet. App. 509, 512 (1998).

In the AMA rating decisions for this issue, the AOJ made favorable findings that establish the first and second elements of secondary service connection. Specifically, the Veteran has a current disability (treatment reports show a diagnosis of hypertension since at least April 19, 2010), and service connection has been established for PTSD with MDD with anxious distress. As the Board is bound by these favorable findings, the analysis will focus on whether a nexus exists between the PTSD with MDD with anxious distress and the current hypertension.

Entitlement to service connection for hypertension as secondary to PTSD with MDD with anxious distress

Following a thorough review of the Veteran’s medical records, the Board finds that he is not entitled to an award of service connection for hypertension as secondary to PTSD with MDD with anxious distress, because the weight of the medical evidence does not support a nexus.

In a May 2019 VA examination, the VA examiner determined that the Veteran’s hypertension was less likely than not proximately due to or the result of his service-connected PTSD with MDD. He reasoned that:

Records showed [the] Veteran initially presented to the VA on November 4, 2004, no diagnosis or treatment for hypertension at that time. Problem list showed entry for the diagnosis [of] hypertension on April 19, 2010 and pharmacy records showed [a] prescription for Lisinopril 10 mg tab. CPRS records also showed a diagnosis for MDD on March 2006, four years prior to [a] diagnosis of hypertension.

The August 2019 HLR decision found that this rationale was not sufficient and another medical opinion was requested. While the finding of an insufficient rationale was not listed in the identified favorable findings for this decision, it is implicitly a favorable finding for the Veteran, and the Board will treat it as binding. Therefore, the May 2019 opinion is not probative evidence on the nexus question.

Thereafter, an August 2019 VA examiner provided an opinion concluding that the hypertension was less likely than not proximately caused or aggravated by his PTSD with MDD with anxious distress. The examiner expanded on the fact that the hypertension was diagnosed four years after the psychiatric disability, noting that not only was the Veteran not diagnosed until 2010, but also that records show he was not prescribed any medication for hypertension until 2010, that he has been prescribed lisinopril since that time, with the current dosage of 5 mg daily lower than the initial 10 mg.

The examiner also identified the risk factors for primary and secondary causes of hypertension, and applied these risk factors to the specific medical history of the Veteran, stating that he

has [a] history of 20 years of smoking as documented on his initial presentation at the Miami VA on 2014 and as of this writing is an active smoker, (noted had attempted/currently on med[icine] to quit tobacco). Long history of smoking and advancing age are risk factors that may have contributed to the development of his hypertension. There may be [a] transient temporary increase in blood pressure during anxiety but anxiety/depression does not cause long term high blood pressure. Review of literature does not support the role of depression or anxiety symptoms in the development of hypertension at the present time. Additionally, there has been no documented aggravation of hypertension due to service-connected depression/anxiety found on records, Veteran remained on same medication, lisinopril, there is no documented hypertension crisis, no documented hospitalization for uncontrolled hypertension.

The Board acknowledges that there appears to be a typographical error in the August 2019 VA examiner’s opinion. The VA examiner stated that the Veteran was diagnosed with hypertension on November 2010. However, as stated above, in an August 2019 rating decision, the RO found that outpatient treatment reports from VAMC Miami showed that the Veteran has had a diagnosis of hypertension since at least April 19, 2010. However, this minor discrepancy has no bearing on the reasoning or rationale for the August 2019 VA examiner’s opinion as the rationale turns not on the precise month in 2010 of the Veteran’s hypertension diagnosis, but rather focuses on primary and secondary causes of hypertension and the Veteran’s personal experience in relation to these, as well as the consistency of medication prescribed and absence of any aggravations. Therefore, the Board finds that this typographical error does not affect the probative value of this opinion.

The Board finds that the medical opinion of the August 2019 VA examiner provides clear and well-reasoned explanations with supporting data, and reasoned medical explanations connecting the two. The examination provided clear conclusions and rationales for both causation and aggravation. Accordingly, the Board places great probative value on the opinion reached by the August 2019 VA examiner. Stefl v. Nicholson, 21 Vet. App. 120, 124-25 (2007); Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 304 (2008). 

Although the Veteran is competent to report symptoms and experiences that are observable to an ordinary person, there is no indication that he has the medical qualifications or experience necessary to offer an expert opinion on a matter of whether a nexus exists between his hypertension and his service-connected psychiatric disability. Layno v. Brown, 6 Vet. App. 465, 470 (1994); Jandreau v. Nicholson, 492 F.3d 1372, 1377 n. 4 (Fed. Cir. 2007). The probability that a relationship exists between his hypertension and his service-connected PTSD with MDD with anxious distress is a matter of medical complexity and not the proper subject of lay testimony. His opinion, no matter how sincere, is not competent nexus evidence.

Therefore, the Board finds the only probative nexus evidence is against a finding that the Veteran’s hypertension was either proximately caused or aggravated by service-connected PTSD with MDD with anxious distress. The claim is denied. 

 

LAURA E. COLLINS

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board K. Bristor

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.