﻿Citation Nr: AXXXXXXXX
Decision Date: 02/26/21 Archive Date: 02/26/21

DOCKET NO. 200414-77930
DATE: February 26, 2021

REMANDED

Service connection for a thoracolumbar spine disability, secondary to service-connected post-operative residuals, internal derangement, left knee with ligamentous instability (left knee disability), is remanded.

Service connection for a left hip disability, secondary to service-connected left knee disability, is remanded.

Service connection for status post total knee replacement, left knee, secondary to service-connected left knee disability is remanded.

REASONS FOR REMAND

The Veteran served on active duty in the United States Navy from September 1975 to March 1978.

The original rating decision underlying the present appeal was issued in November 2017 by a Department of Veterans Affairs (VA) Regional Office (RO). 

The Appeals Modernization Act (AMA) allows VA claimants to opt into the modernized review system by requesting review of a statement of the case (SOC) or supplemental SOC (SSOC) issued on or after February 19, 2019, if the opt-in is received within one year of the date of the notification of the underlying rating decision, or 60 days from the issuance of the SOC/SSOC, whichever is later. Here, the Veteran elected to appeal the above-listed issues to the Board via the modernized appeal system in April 2020, after receiving a March 2020 SOC. See April 2020 Notice of Disagreement (NOD) (VA Form 10182). He requested direct review of the evidence considered by the agency of original jurisdiction (AOJ) at the time of the SOC. 38 C.F.R. § 20.202(b)(1).

In his April 2020 NOD, the Veteran also referenced the issue of entitlement to service connection for status post total knee replacement, right knee. However, the Board is unable to accept the Veteran’s request for direct review on that issue. In his June 2018 NOD of the original February 2017 rating decision, the Veteran only indicated that he was appealing the issues of service connection for his left knee, spine, and hip. Only those issues, along with service connection for a right hip disability and an increased rating for his service-connected left knee disability, were addressed in the March 2020 SOC. If the Veteran wishes additional consideration by VA of his service-connection claim for status post total knee replacement, right knee, he may file a Supplemental Claim with the AOJ.

In the March 2020 SOC, the AOJ found that new and relevant evidence was submitted to warrant readjudicating the claim for service connection for a spine disability and left hip disability. The Board is bound by this favorable finding. 38 C.F.R. § 3.104(c).

Although the Board sincerely regrets the additional delay, a remand is necessary to ensure that there is a complete record upon which to decide the Veteran’s remaining claim and to afford him every possible consideration.

1. Service connection for a thoracolumbar spine disability, secondary to service-connected left knee disability is denied.

2. Service connection for a left hip disability, secondary to service-connected left knee disability, is denied.

The Board finds that new examinations and opinions are warranted for the Veteran’s claims. In November 2019, a VA opined that the Veteran’s back and left hip disabilities were not proximately due to or a result of the Veteran’s service-connected left knee disability. The examiner did not address the related, but distinct, questions of whether the Veteran’s service-connected left knee disability aggravated his thoracolumbar spine or left hip disabilities. As such, new opinions are required.

Additionally, while opinions have been sought to examine the relationship between the Veteran’s thoracolumbar spine or left hip disabilities and service-connected left knee disability, no opinions have addressed whether either disability may be directly related to his service. The Veteran’s service treatment records reflect that he was seen in December 1977 after he hurt his back lifting a garbage can and developing pain at the L5-S1. The Veteran was ultimately diagnosed with L5-S1 facet strain syndrome. As there is evidence of an inservice injury to the Veteran’s back and hip, remand is needed to explore this further. See Stefl v. Nicholson, 21 Vet. App. 120, 123, 124-25 (2007) (noting that an examination must provide “sufficient detail so that the Board’s ‘evaluation of the claimed disability will be a fully informed one’” and must “support its conclusion with an analysis that the Board can consider and weigh against contrary opinions”).

3. Service connection for status post total knee replacement, left knee, secondary to service-connected left knee disability, is remanded.

The Board finds that an addendum opinion is warranted for the Veteran’s status post total knee replacement, left knee claim.

In November 2017, a VA examiner opined that the Veteran’s left knee osteoarthritis was less likely than not (less than 50% probability) proximately due to or the result of the Veteran’s service-connected left knee disability. In coming to her conclusion, the examiner found that the Veteran’s left knee osteoarthritis was due to an injury prior to service, rather than due to his service-connected left knee disability.

In contrast, however, the Veteran is already service-connected for a left knee disability found to be an “aggravation” of the pre-existing left knee injury. It is unclear whether the examiner is opining that this service-connected rating was in error or that there is a portion of the Veteran’s left knee that is attributable to service and a portion that cannot be attributed to service. 

Relatedly, the Veteran has since debated the validity of this examination. 

Thus, in the interest of fairness to the Veteran and to seek clarity, a new VA examination is warranted with a different examiner.

The Board also notes that it appears that the record may not contain the Veteran’s complete service treatment records. Specifically, an entrance examination report has not been associated with the claims file. It is not entirely clear whether the report does not exist, or the records obtained from the service department are incomplete. This needs to be explored further.

The matters are REMANDED for the following action:

1. Request from all appropriate source(s) a copy of any additional service records that may exist for the Veteran. Specifically, the Veteran’s entrance examination report should be sought. Efforts to obtain the evidence should be fully documented and should be discontinued only if it is concluded that the evidence sought does not exist or that further efforts to obtain the evidence would be futile. 38 C.F.R. § 3.159(c)(2). The evidence procured, if any, should be associated with the record. If no further records are available, the record should be annotated to reflect that fact and Veteran should be notified.

2. Ask an examiner of appropriate expertise to review the Veteran’s file. The necessity of an in-person examination is left to the discretion of the examiner. 

If a diagnosis cannot be provided but the Veteran’s condition manifests in symptoms that cause functional impairment, then the examiner should consider them a “disability” for the purpose of providing the requested opinion(s) below.

Based on review of the record and conducting an examination (if deemed necessary) of the Veteran, the examiner should respond to the following:

a) The examiner should state whether it is at least as likely as not (a 50 percent probability or more) that a thoracolumbar spine disability, began in service, was caused by active service, or is otherwise related to active service. 

b) The examiner should state whether it is at least as likely as not (50 percent or greater probability) that a thoracolumbar spine disability was caused or aggravated by the Veteran’s service-connected left knee disability.

• If the examiner finds that the Veteran’s thoracolumbar spine disability, was aggravated by his service-connected left knee disability, then he/she should specify the baseline level of disability of the disability prior to aggravation and the permanent, measurable level of increased impairment due to service-connected left knee disability.

The examiner is advised that the Veteran is competent to report symptoms, treatment, and injuries, and that his reports must be taken into account in formulating the requested opinions. 

The examiner must discuss the Veteran’s December 1977 entry in his service treatment records which reflects he was seen after he hurt his back lifting a garbage can and developing pain at the L5-S1.

The examiner must provide the rationale for all proffered opinions. If the examiner is unable to provide any required opinion, he or she should explain why. If the examiner cannot provide an opinion without resorting to mere speculation, he or she shall provide a complete explanation as to why this is so. If the inability to provide a more definitive opinion is the result of a need for additional information, the examiner should identify the additional information that is needed.

3. Ask an examiner of appropriate expertise to review the Veteran’s file. The necessity of an in-person examination is left to the discretion of the examiner. 

If a diagnosis cannot be provided but the Veteran’s condition manifests in symptoms that cause functional impairment, then the examiner should consider them a “disability” for the purpose of providing the requested opinion(s) below.

Based on review of the record and conducting an examination (if deemed necessary) of the Veteran, the examiner should respond to the following:

a) The examiner should state whether it is at least as likely as not (a 50 percent probability or more) that a left hip disability, began in service, was caused by active service, or is otherwise related to active service. 

b) The examiner should state whether it is at least as likely as not (50 percent or greater probability) that a left hip disability was caused or aggravated by the Veteran’s service-connected left knee disability.

• If the examiner finds that the Veteran’s left hip disability, was aggravated by his service-connected left knee disability, then he/she should specify the baseline level of disability of the disability prior to aggravation and the permanent, measurable level of increased impairment due to service-connected left knee disability.

The examiner is advised that the Veteran is competent to report symptoms, treatment, and injuries, and that his reports must be taken into account in formulating the requested opinions. 

The examiner must discuss the Veteran’s December 1977 entry in his service treatment records which reflects he was seen after he hurt his back lifting a garbage can and developing pain at the L5-S1.

The examiner must provide the rationale for all proffered opinions. If the examiner is unable to provide any required opinion, he or she should explain why. If the examiner cannot provide an opinion without resorting to mere speculation, he or she shall provide a complete explanation as to why this is so. If the inability to provide a more definitive opinion is the result of a need for additional information, the examiner should identify the additional information that is needed.

4. Ask an examiner of appropriate expertise to review the Veteran’s file. The necessity of an in-person examination is left to the discretion of the examiner.

Based on review of the record, the examiner should respond to the following:

a) The examiner should state whether it is at least as likely as not (50 percent or greater probability) that a separate left knee disability, to include osteoarthritis, was caused or aggravated by the Veteran’s service-connected left knee disability.

• If the examiner finds that the Veteran’s separate left disability, was aggravated by his service-connected left knee disability, then he/she should specify the baseline level of disability of the disability prior to aggravation and the permanent, measurable level of increased impairment due to service-connected left knee disability.

The examiner is also asked to discuss whether there is a portion of the Veteran’s left knee disability that is attributable to service and a portion that cannot be attributed to service.

The examiner must provide the rationale for all proffered opinions. If the examiner is unable to provide any required opinion, he or she should explain why. If the examiner cannot provide an opinion without resorting to mere speculation, he or she shall provide a complete explanation as to why this is so. If the inability to provide a more definitive opinion is the result of a need for additional information, the examiner should identify the additional information that is needed.

(continued on next page)

5. After undertaking any other appropriate development deemed necessary, readjudicate the Veteran’s claim.

 

 

Shereen M. Marcus

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board R. Gandhi, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.