﻿Citation Nr: AXXXXXXXX
Decision Date: 04/30/21 Archive Date: 04/30/21

DOCKET NO. 190524-9417
DATE: April 30, 2021

ORDER

Readjudication of the claim of service connection for bilateral pes planus is warranted.

Entitlement to service connection for bilateral pes planus is granted.

FINDINGS OF FACT

1. The record evidence shows that a February 2019 rating decision denied the request to readjudicate a previously denied claim of service connection for bilateral pes planus; this decision was not appealed and became final.

2. Evidence added to the claims file following the February 2019 rating decision is new and relevant to the claim of service connection for bilateral pes planus.

3. The record evidence shows that bilateral pes planus is related to active service.

CONCLUSIONS OF LAW

1. The criteria for readjudicating the claim of service connection for bilateral pes planus have been met. 38 U.S.C. § 5108 (2012); 38 C.F.R. § 3.156 (2019).

2. The criteria for service connection for bilateral pes planus have been met. 38 U.S.C. §§ 1110, 5103, 5103A, 5107 (2012); 38 C.F.R. § 3.102, 3.159, 3.303 (2019).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran had active service from August 2001 to August 2004.

In November 2018, the appellant opted into the modernized review system, also known as the Appeals Modernization Act (AMA), by submitting a Rapid Appeals Modernization Program (RAMP) election form and selecting the supplemental claim option. The Agency of Original Jurisdiction (AOJ) issued an AMA rating decision pursuant to RAMP in May 2019 which is the decision on appeal. In the VA Form 10182, Decision Review Request: Board Appeal (Notice of Disagreement) (NOD) dated May 2019, the appellant elected the Direct Review option. Therefore, the Board only may consider the evidence of record at the time of the AOJ decision on appeal. 38 C.F.R. § 20.301.

In a January 2020 decision, the Board found that new and relevant evidence had not been received with respect to bilateral pes planus and denied the petition to readjudicate the claim of service connection for bilateral pes planus. The Veteran appealed the January 2020 Board decision to the United States Court of Appeals for Veterans Claims (Court). In a Joint Motion for Partial Remand (JMPR), the Court vacated and remanded the portion of the Board’s decision that found that new and relevant evidence had not been received to readjudicate the claim of service connection for bilateral pes planus.

Both parties to the JMPR argued successfully to the Court that, in its January 2020 decision, the Board provided an inadequate statement of reasons or bases regarding new and relevant evidence under 38 C.F.R. § 3.2501(a)(1) and further noted that relevant evidence includes evidence that raises a theory of entitlement that was not previously addressed. Moreover, both parties to the JMPR noted that, subsequent to the last prior denial of the claim to reopen in July 2013, the Veteran submitted a private medical opinion regarding pes planus from Dr. K. N. that was received in November 2018 which stated that it is more likely than not that his bilateral pes planus/flat feet with bilateral plantar fasciitis is a direct result of military service. The JMPR stated that the Board correctly found that a September 2004 rating decision denied bilateral pes planus on the grounds that the condition preexisted service and that there was no evidence that the pre-existing bilateral pes planus was aggravated by active service. Additionally, the Court stated that the Board did not consider whether the November 2018 private medical opinion of Dr. K. N. tended to prove any matter at issue, including whether it raised a theory of entitlement that was not previously addressed.

New and Relevant Evidence

The Veteran asserts that he submitted evidence sufficient to readjudicate his service connection claim for bilateral pes planus. He requested that the Board carefully discern the wording and rationale for its prior denial in order to ensure that the correct legal premise was used in the 2004 denial and, if it was not, the Veteran’s attorney asserts that the 2018 favorable medical opinion would seemingly be both new and material (or new and relevant). Id.

By way of history, the Veteran filed a service connection claim for bilateral pes planus in September 2004. A September 2004 rating decision denied this claim on the basis that the bilateral pes planus preexisted service and there was no evidence that the pre-existing bilateral pes planus was aggravated by active service. The Veteran filed a NOD but did not appeal to the Board following the August 2006 statement of the case. As new and material evidence was not received within a year of the August 2006 statement of the case, the September 2004 rating decision became final. 38 U.S.C. § 7105(d)(3); 38 C.F.R. §§ 3.104(a), 20.302, 20.1103.

In June 2008, he filed to readjudicate his service connection claim for bilateral pes planus. In a February 2009 rating decision, the appeal to readjudicate his claim was denied as new and material evidence was not submitted. He did not appeal that decision and new and material evidence was not received within a year of the decision. Accordingly, the February 2009 decision became final. Id.

In August 2011, he filed a new service connection claim for bilateral pes planus. That claim was denied in a July 2013 rating decision on the basis that new and material evidence had not been submitted. He submitted a disability benefits questionnaire (DBQ) in September 2013. He also filed to readjudicate his claim again in February 2015. Thereafter, a May 2015 rating decision denied the claim on the basis that new and material evidence was not received. Thereafter, he appealed to the Board. 

As noted above, in November 2018, the Veteran elected to participate in RAMP. In support of his RAMP appeal, he submitted a November 2018 letter from his physician who opined that bilateral pes planus was related directly to service. The Board notes that, although the November 2018 letter did not address whether bilateral pes planus was aggravated during service, it provided an opinion that bilateral pes planus was related directly to service. The Board also notes that, in a February 2019 RAMP rating decision, the AOJ found that new and relevant evidence had been submitted, to include the November 2018 letter from the Veteran’s private physician, but continued the denial of the claim on the merits because the evidence did not show the pre-existing bilateral pes planus was aggravated during service. 

The Board finds that the November 2018 letter from the Veteran’s private physician constitutes new and relevant evidence sufficient to readjudicate the previously denied claim. This letter is new because it had not previously been submitted or considered. Furthermore, preceding rating decisions denied the claim, in part, on the basis that the Veteran’s bilateral pes-planus foot condition pre-existed service. Accordingly, the Board finds the Veteran’s argument that his bilateral pes planus disability began in service is a new theory of entitlement to service connection that was not considered previously by VA. This argument was raised in the Veteran’s October 2019 Informal Hearing Presentation (IHP) within a year of the February 2019 RAMP decision. In the IHP, the Veteran highlighted the fact that, although the previous decision stated that his service treatment records (STRs) did not show that bilateral pes planus was aggravated during or by active service, a review of the STRs showed multiple clinical visits for flat feet and a specific treatment note showed that he had symptomatic bilateral pes planus and moderate to severe flexible pes planus bilaterally. The Board finds that the theory of direct service connection raised by the November 2018 letter and in the October 2019 IHP is relevant. In summary, the Board finds that readjudication of the claim of service connection for bilateral pes planus is warranted. The Board now turns to the merits of the claim.

Service Connection

The Veteran seeks entitlement to service connection for bilateral pes planus. He disagrees with the finding that his service treatment records did not show that pes planus was aggravated during or by active duty military service. He argues that his STRs show multiple clinical visits for flat feet including a June STR that showed that he had symptomatic bilateral pes planus and moderate to severe flexible pes planus bilaterally.

The STRs indicate that his foot conditions were not a pre-existing condition and began during his time in service. The Board specifically notes that the Veteran’s Report of Medical History Enlistment Examination dated July 2001 indicates that he had no foot trouble at his enlistment onto active service. The Report of Medical History Separation Examination dated November 2003 states that he experienced foot trouble. It was noted that he had plantar warts on his feet. The separation examination also specifically noted that he had pes planus that was severe and symptomatic, chronic pain, and spots on the bottom of both feet and warts or open pores. The STRs also contain a treatment note dated June 2002 which states that he had a history of pain on the bottom of his feet ever since being in the Army over the past year. This STR also states that he reported pain with and following running about the plantar aspect of his foot bilaterally. Examination revealed moderate to severe flexible bilateral pes planus. An October 2002 STR includes a notation regarding an appointment for feet pain. A July 2003 STR indicates that he was having bilateral foot issues.

The treatment records include several notations of bilateral pes planus and ongoing complaints of pain, weakness, and treatment with respect to the condition. For example, in a general examination dated May 2004, it was noted that in the past he had plantar warts of the bilateral heels and that he was treated for this and there are no longer warts there. The examiner also noted that the Veteran has pes planus deformity in both feet and that he has total pes planus deformity in the right and left foot. The examiner did not provide an etiological opinion with respect to the foot condition.

The Veteran was afforded a Disability Benefits Questionnaire (DBQ) for his foot disability in September 2013. The examiner noted that the Veteran was diagnosed with bilateral pes planus in January 2002 and bilateral plantar fasciitis in January 2008. The examiner noted that the Veteran has had difficulty with chronic foot pain and recurrent plantar fasciitis for many years. This examiner did not provide an etiological opinion.

In a November 2018 letter a medical opinion was provided by Dr. K. N. who reviewed several of the Veteran’s military records that document injuries related to his bilateral pes planus with plantar fascitis disability to include a July 2001 Report of Medical Examination, a June 2002 Foot Pain examination, a June 2002 Podiatry report, an October 2002 Feet Pain Examination, and a November 2003 Report of Medical Examination. Dr. K. N. noted that the Veteran continues to have chronic bilateral flares of plantar fasciitis due to his injuries while in service. Additionally, Dr. K. N. stated that the Veteran suffers progressive pain with ambulation since being discharged these episodes have become more frequent and severe in nature. Dr. K. N. opined that it is his professional opinion that it is more likely than not that the Veteran’s bilateral pes planus/flat feet with bilateral plantar fascitis condition is a direct result from military service during his time of active duty from August 2001 through August 2004. 

After a review of the evidence of record, the Board finds that service connection for bilateral pes planus is warranted. The Board observes here that the question of whether the Veteran’s pes planus condition was aggravated during service does not need to be addressed because it did not exist prior to active service. Specifically, the July 2001 Report of Medical History Enlistment Examination indicated that he did not have foot trouble prior to joining the military. Additionally, the Board highlights the STR dated June 2002 states that the Veteran is 18 years old with a history of pain on the bottom of his feet ever since being in the Army over the past year. As stated above, the November 2003 Report of Medical History Separation Examination noted that he had foot trouble and severe symptomatic pes planus. These treatment notes clearly and unequivocally indicate that the Veteran’s foot issues began in service and not prior to service. Moreover, the evidence shows an in-service diagnosis of a bilateral foot condition to include bilateral pes planus, a chronic condition, post-service evidence of continued treatment of bilateral pes planus, and a favorable letter from a private physician directly linking bilateral pes planus to service. The Board notes that, with the exception of the November 2018 private medical opinion, none of the other examinations of record provide an etiological opinion regarding the origin of the Veteran’s bilateral pes planus. The Board assigns significant probative weight to the November 2018 private opinion provided by Dr. K. N. who reviewed the claims file and discussed the relevant evidence, considered the contentions of the Veteran, and provided supporting rationale for the conclusions reached. Barr v. Nicholson, 21 Vet. App. 303 (2007); Stefl v. Nicholson, 21 Vet. App. 120 (2007); Nieves-Rodriguez v. Peake, 22 Vet. App. 295 (2008). Accordingly, the Board finds that, because all three requirements for a valid service connection claim have been met, service connection for bilateral pes planus is granted.

 

 

MICHAEL T. OSBORNE

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board J. Dorsey-Kwansa, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.