Citation Nr: AXXXXXXXX
Decision Date: 05/28/21 Archive Date: 05/28/21

DOCKET NO. 190819-24524
DATE: May 28, 2021

REMANDED

Entitlement to service connection for a lumbar spine disability is remanded.

Entitlement to service connection for a right elbow disability is remanded. 

REASONS FOR REMAND

The Veteran served on active duty from July 1980 to January 1986.

A rating decision was issued under the legacy system in November 2016 and the Veteran submitted a timely notice of disagreement. In June 2018, the Veteran opted into the modernized review system, also known as the Appeals Modernization Act (AMA), by submitting a Rapid Appeals Modernization Program (RAMP) election form and selecting the higher-level review (HLR) lane. 

During review, the agency of original jurisdiction (AOJ) identified a duty to assist error and directed additional development; thereafter, in July 2019, the AOJ readjudicated the issues as a supplemental claim and issued a RAMP rating decision, continuing the denial of the Veteran's claims. 

In the August 2019 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Evidence Submission docket. Therefore, the Board of Veterans' Appeals (Board) may only consider the evidence of record at the time of the RAMP supplemental claim decision on appeal, as well as any evidence submitted by the Veteran or his representative with, or within 90 days from receipt of, the VA Form 10182. 38 C.F.R. § 20.303.

1. Entitlement to service connection for a lumbar spine disability is remanded.

2. Entitlement to service connection for a right elbow disability is remanded. 

Issues 1-2. The Veteran, and his representative, contends that his current lumbar spine and right elbow disabilities are related to, or had their onset during, service. In support of the claim, the Veteran directs the Board to in-service complaints for low back pain and "sling palsy." See Appellate Brief (June 2020). 

The Board finds that remand is necessary to correct duty to assist errors that occurred prior to the July 2019 decision on appeal. 

The AOJ obtained medical opinions, in January 2019 and in March 2019, however, the medical opinions do not provide adequate rationale as to whether any of the Veteran's disabilities at least as likely as not had their onset in service or are otherwise related to service. 

VA medical opinions, regarding the lumbar spine, reflects the conclusion that the Veteran's lumbar spine disability was less likely than not incurred in or caused by the claimed in-service injury, event, or illness. 

VA medical opinion, regarding the right elbow, reflects the conclusion that the Veteran's right elbow disability was less likely than not incurred in or caused by the claimed in-service injury, event, or illness. 

The Board finds the VA medical opinions are inadequate because the essential rationale for any of the opinions is not discernable. Monzingo v. Shinseki, 26 Vet. App. 97, 106 (2012). Indeed, in this instance, the conclusions are not supported by a reasoned medical rationale. See Stefl v. Nicholson, 21 Vet. App. 120, 124 (2007) ("a medical opinion . . . must support its conclusion with analysis that the Board can consider and weigh against contrary opinions"). For example, although the March 2019 VA medical opinion referenced in-service complaints for low back pain, it does not provide the Board a reasoned medical rationale connecting the findings to the negative conclusions.

Second, the opinions are inadequate because they do not reflect a meaningful discussion of the Veteran's theories of causation. See McKinney v. McDonald, 28 Vet. App. 15, 30-31 (2016) ("the VA examiner's failure to consider [a veteran's] testimony when formulating her opinion renders that opinion inadequate."). For instance, the record reflects that the Veteran was assessed with sling palsy in service, the right elbow VA medical opinion, however, does not reveal that the clinician considered the Veteran's contention in formulating the opinion. The opinion, here, relied almost entirely on the absence of documented in-service medical records without providing the Board an adequate discussion or explanation for discounting the in-service complaints and the Veteran's lay reports. Although the clinician is not required to accept the Veteran's theory that his military service caused his disabilities, or that he had symptoms associated with either disability during or following military service if this is incongruous with the record; however, the clinician is required to fully explain why he or she disagrees with the Veteran's theory of causation, and provide a discussion of the relevant or significant medical history, clinical findings, medical knowledge or literature, etc., that support the negative medical opinion or conclusion(s). If another etiology is the more likely cause, the clinician must provide a complete explanation of his or her reasoning.

Thus, the absence of a meaningful discussion of the above evidence does not show awareness of seemingly relevant facts and therefore casts doubt on the medical opinions' foundation for the negative linkage conclusions. Accordingly, given that the VA medical opinions are inadequate for decision making purposes, remand is necessary for an adequate medical opinion. Barr v. Nicholson, 21 Vet. App. 303 (2007).

Given the above, remand is necessary to correct the duty to assist errors on the part of the originating agency in satisfying its duties under 38 U.S.C. § 5103A, which occurred prior to the July 2019 rating decision on appeal. See 38 C.F.R. § 20.802.

In remanding these matters, the Board makes no finding, implicit or otherwise, as to the credibility of the Veteran's assertions. Neither the Veteran's credibility nor any lack thereof should be presumed in this remand.

The matters are REMANDED for the following action:

Obtain an addendum opinion from an appropriate clinician(s) regarding the Veteran's (1) lumbar spine disability, and (2) right elbow disability. The entire claims file, to include a copy of this REMAND, should be made available to and reviewed by the clinician. Based on review of the record, detail the Veteran's reported symptoms, including the nature, onset, progression and severity of any symptom consistent with any of the above disabilities.

The opinion should also identify and explain the relevance or significance, as appropriate, of any history, clinical findings, medical knowledge or literature, etc., relied upon in reaching the conclusion(s). An adequate medical opinion may not be predicated solely on the absence of an in-service diagnosis or documented complaints.

The clinician must opine on: 

Lumbar Spine

(a) Whether any lumbar spine disability at least as likely as not (1) began during active service or (2) is related to an in-service injury, event, or disease. Consider and expressly address in-service complaints related to low back pain. Explain. 

(b) For arthritis of the lumbar spine, opine on whether it at least as likely as not (1) began during active service, (2) manifested within one year after discharge from service, or (3) was noted during service with continuity of the same symptomatology since service. Explain.

Right Elbow

(c) Whether any right elbow disability at least as likely as not (1) began during active service or (2) is related to an in-service injury, event, or disease. Consider and expressly address the in-service assessment for sling palsy. Explain. 

(d) For arthritis of the right elbow, opine on whether it at least as likely as not (1) began during active service, (2) manifested within one year after discharge from service, or (3) was noted during service with continuity of the same symptomatology since service. Explain. 

 

C.A. SKOW

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board A. Griffey, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.