Citation Nr: AXXXXXXXX
Decision Date: 08/31/21 Archive Date: 08/31/21

DOCKET NO. 210505-158021
DATE: August 31, 2021

ORDER

Service connection for squamous cell carcinoma with mild cellular atypia, as secondary to herbicide agent exposure, is granted.

Service connection for scarring as secondary to squamous cell carcinoma with mild cellular atypia is granted.

FINDINGS OF FACT

1. The Veteran's squamous cell carcinoma with mild cellular atypia is the result of his service.

2. The Veteran's scarring is caused or aggravated by his now service connected squamous cell carcinoma.

CONCLUSIONS OF LAW

1. The criteria for entitlement to service connection for squamous cell carcinoma with mild cellular atypia as due to herbicide agent exposure have been met. 38 U.S.C. §§ 1110, 1116, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309.

2. The criteria for entitlement to service connection for scarring as secondary to squamous cell carcinoma with mild cellular atypia have been met. 38 U.S.C. §§ 1110, 5107; 38 C.F.R. §§ 3.102, 3.310.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from February 1970 to October 1971, to include service in the Republic of Vietnam.

These matters are on appeal to the Board of Veterans' Appeals (Board) from an April 2021 rating decision issued by a Department of Veterans Affairs (VA) Regional Office (RO). The rating decision on appeal constitutes an initial decision; therefore, the modernized review system, also known as the Appeals Modernization Act (AMA), applies. 

In the May 2021 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Evidence Submission docket. Therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal as well as any evidence submitted by the Veteran or his representative with or within 90 days from receipt of the VA Form 10182. See 38 C.F.R. § 20.303.

The April 2021 rating decision found that new and relevant evidence had been submitted with regards to the claims. The Board is bound by this favorable finding. 

1. Service connection for squamous cell carcinoma with mild cellular atypia, as secondary to herbicide agent exposure, is granted.

2. Service connection for scarring as secondary to squamous cell carcinoma with mild cellular atypia is granted.

The Veteran asserts that he suffers from a skin cancer and associated scarring as a result of his exposure to herbicide agents during service. An April 2021 rating decision reflected favorable findings that the Veteran had been diagnosed with the disability of squamous cell carcinoma, that he had served in the Republic of Vietnam and that he was exposed to dioxin during service. See 38 U.S.C. § 5104A; 38 C.F.R. § 3.104(c). Therefore, only the element of nexus is at issue in this case.

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by service. 38 U.S.C. § 1110; 38 C.F.R. § 3.303(a). Service connection may also be granted for any disease diagnosed after discharge, when all of the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d). 

Direct service connection may not be granted without evidence of a current disability; in-service incurrence or aggravation of a disease or injury; and a nexus between the claimed in-service disease or injury and the present disease or injury. Id.; see also Caluza v. Brown, 7 Vet. App. 498, 506 (1995) aff'd, 78 F.3d 604 (Fed. Cir. 1996).

To establish service connection for a disability resulting from exposure to a herbicide agent (including Agent Orange), a veteran who, during active military, naval, or air service, served in the Republic of Vietnam between January 1962 and May 1975, shall be presumed to have been exposed during such service to a herbicide agent absent affirmative evidence to the contrary demonstrating that the veteran was not exposed to any such agent during service. 38 U.S.C. § 1116(f). If a veteran was exposed to an herbicide agent during active military, naval, or air service, then certain diseases shall be service-connected even though there is no record of such disease during service. 38 U.S.C. § 1116(a)(1); 38 C.F.R. § 3.309(e). Notwithstanding the above, where exposure to herbicide agents may not be conceded, a veteran may establish service connection with proof of actual direct exposure to such herbicide agents. Combee v. Brown, 34 F.3d 1039 (Fed. Cir. 1994).

For the purposes of this section, the term "herbicide agent" means a chemical in an herbicide used in support of the United States and allied military operations in the Republic of Vietnam during the Vietnam era. 38 U.S.C. § 1116; 38 C.F.R. §§ 3.307(a)(6), 3.309(e), 3.313.

Service connection may be established on a secondary basis for a disability that is proximately due to or the result of a service-connected disease or injury. 38 C.F.R. § 3.310(a). Establishing service connection on a secondary basis requires evidence sufficient to show (1) that a current disability exists and (2) that the current disability was either (a) caused by or (b) aggravated by a service-connected disability. 38 C.F.R. § 3.310(a); Allen v. Brown, 7 Vet. App. 439 (1995). VA has amended 38 C.F.R. § 3.310 to explicitly incorporate the holding in Allen, except that it will not concede aggravation unless a baseline for the claimed disability can be established with evidence created prior to any aggravation. 38 C.F.R. § 3.310(b).

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant. 38 U.S.C. § 5107; 38 C.F.R. § 3.102; see also Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990).

Service treatment records are negative for complaints, treatments or diagnoses related to a skin disorder.

The Veteran submitted a copy of an article indicating that previous studies have demonstrated a positive correlation between tetrachlorodibenzodioxin, the highly toxic chemical contaminant in Agent Orange and non-melanotic invasive skin in animals, but that a literature search failed to find any studies that showed an association in humans. The article noted that after a small study, there may be an association between Agent Orange and development of non-melanotic skin cancer, but it needs to be studied on a larger scale with thousands of patients. The researcher noted that "what we've observed is very, very suspicious and supports what's been reported anecdotally."

A November 2019 opinion from Dr. R.F., a private dermatologist, noted the Veteran was exposed to Agent Orange while in Vietnam and has numerous skin cancers on the trunk, face, and exposed areas. The examiner noted there are studies showing that Agent Orange increased the risk of basal cell carcinoma and squamous cell carcinoma. In December 2019 addendum opinion, this physician noted that the Veteran had recently been diagnosed with three new squamous cell carcinomas and squamous cell carcinomas in situ at the left temple, left preauricular cheek and left lower cheek. The physician noted that the Veteran had been exposed to Agent Orange during service and that there were multiple ongoing studies reporting higher rates of non-melanoma invasive skin cancer in exposed veterans decades later. The physician then cited and discussed the findings of such on-going studies. 

These opinions have clear conclusions and supporting data, as well as reasoned medical explanations connecting the Veteran's squamous cell carcinoma to his herbicide agent exposure sustained during active service. Barr v. Nicholson, 21 Vet. App. 303 (2007); Stefl v. Nicholson, 21 Vet. App. 120 (2007); Nieves-Rodriguez v. Peake, 22 Vet. App. 295 (2008). Significantly, the physician noted that that herbicide agent exposure is a known etiology of the Veteran's claimed condition and related his exposure to his current diagnosis. The physician took into consideration medical research and literature, the Veteran's circumstances and diagnosis, and opined that his squamous cell carcinoma is etiologically related to his active service. This opinion is therefore afforded great probative weight. There is no contrary opinion.

In sum, the Veteran has verified service in the Republic of Vietnam, and is presumed to have been exposed to herbicide agents during his active service. The Veteran has a current diagnosis of squamous cell carcinoma. There is no competent medical opinion of record against the claim. Rather, there are probative private opinions indicating the Veteran's squamous cell carcinoma as a result of herbicide agent exposure sustained during active service. Moreover, there is no sufficient basis for the Board to reject this supportive opinion and to further develop the claim. Cf. Mariano v. Principi, 17 Vet. App. 305, 312 (2003) (holding that, because it is not permissible for VA to undertake additional development to obtain evidence against an appellant's case, VA must provide an adequate statement of reasons or bases for its decision to pursue such development where such development could be reasonably construed as obtaining additional evidence for that purpose).

Based on the weight of this evidence, which arises to at least equipoise or greater, the Board finds that service connection for squamous cell carcinoma with mild cellular atypia and scarring secondary to squamous cell carcinoma with mild cellular atypia is warranted. Accordingly, the Veteran's claims are granted. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102; Gilbert v. Derwinski, supra. 

 

KRISTY L. ZADORA

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board D. M. Donahue Boushehri, Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.